Ruffin, C. J.
 

 The acts imputed to the defendant are lawful, and constitute no offence, unless it may be in respect of the time at which they were done ; for it is lawful for the defendant to keep an open shop in Fayette-ville, and sell thereat spirituous liquors. The question is, whether it is criminal to do so on Sunday.
 

 The indictment is framed upon the precedent, in 2 Chit. Or. L. 20, which is taken from the Crown Circuit Companion. Notwithstanding the precedent, and what is said by some writers on the law, it may be doubted, whether, in the Superior Courts in England, the profanation of Sunday, merely as such, would be held to be indictable ; and this, for the reasons suggested in
 
 State
 
 v.
 
 Williams,
 
 4 Ired. 400. If this indictment would lie there, how can the Act of 29th Car. 2, c. 7, be accounted for, which forbids the working on Sunday, under a penalty of five shillings, and the selling of goods on Sunday, under the pain only of forfeiting them. However, if such an indictment be sustainable in England, it must be, as we conceive, and stated in the case referred to, because working
 
 *75
 
 or trafficking on Sunday is, according to the doctrine of the established Church, a profanation of that day; and, as it is thus criminal according to the law of the Church, it becomes criminal against the Civil government, which established the Church. But that reasoning is entirely inapplicable here. With the theological question, the Court disclaims the intention to concern. We have no right nor purpose, as municipal Judges, to decide or discuss it, even if we were competent to handle a point, which has been so much controverted among learned and pious men of almost all periods. But our duty is strictly limited to the enquiry, whether the law of North Carolina, as the law of the State, and not of a religious establishment, has made the profanation of Sunday, by keeping open shop, an indictable offence. And upon it, we must say, as we said in
 
 Williams’ case,
 
 that it has not, and for the reasons given in that case. We have no established Church, with authority to prescribe duties in reference to this or other religious tenets, to which all the citizens are bound to render obedience ; and, merely as the violation of a duty of religion, we cannot punish the profanation of Sunday. When the Legislature made it criminal, the Courts became bound to hold it a crime to the extent enacted, and to punish it as prescribed in the statute, which gives penalties to be recovered before Justices of the Peace, and does not declare it an indictable misdemeanor. In other words, we think the Courts cannot go before the Legislature on this point; and therefore, that the judgment was properly arrested in this, case.
 

 Per. Curiam, Judgment affirmed.