## A. K. MOORE v. CITY OF GREENSBORO.

### (Filed 14 April, 1926.)

**Municipal Corporations—Cities and Towns—Taxation—Bonds—Abattoir —Police Powers—Health—Approval of Voters—Constitutional Law.**

> The erection of an abattoir by a city for the slaughter and inspection of cattle and beef for the consumption of its citizens, comes within the police power of the municipality for the preservation of the public health, and is for a governmental purpose, a necessary expense, not requiring the question of the issuance of bonds therefor to be submitted to the voters thereof for their approval. Const. of N. C., Art. VII, sec. 7.

APPEAL by plaintiff from *Finley, J.,* at February Term, 1926, of GUILFORD. Affirmed.

*B. T. Ward for plaintiff.*
*Robert Moseley for defendant.*

ADAMS, J. Pursuant to the Municipal Finance Act (C. S., ch. 56, Art. 23) the city council of the city of Greensboro passed an ordinance providing for the sale of bonds in an amount not exceeding $65,000 for the purpose of buying a site and erecting thereon and equipping an abattoir for the benefit of the city; providing also for the annual levy and collection of a tax to pay the interest as it accrues and the bonds as they mature. The ordinance has not been submitted to and approved by a majority of the qualified voters in the city, and it is the intention of the city council immediately to advertise and sell the bonds without calling an election. The suit was brought to enjoin the city from issuing the bonds on the ground that an abattoir is not a necessary municipal expense. His Honor adjudged that it is a necessary expense; so the only point for decision is the correctness of his judgment.

"No county, city, town or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein." Const., Art. VII, sec. 7. In *Henderson v. Wilmington, ante,* 269, we had occasion to say: "The decisions heretofore rendered by the Court make the test of a 'necessary expense' the purpose for which the expense is to be incurred. If the purpose is the maintenance of the public peace; if it partakes of a governmental nature or purports to be an exercise by the city of a portion of the State's delegated sovereignty; if, in brief, it involves a necessary governmental expense—in these cases the expense required to effect the purpose is 'necessary' within the meaning of Art. VII, sec. 7, and the power to incur such expense is not dependent on the will of the qualified voters." The immediate inquiry, therefore, is

whether the purchase of the site and the building of an abattoir is a governmental expense.

In his complaint the appellant says that the proposed abattoir is to be used as a place where animals may be inspected and slaughtered; also where meat may be inspected before it is exposed to sale on the market. Such inspection may be referred to the exercise by the city of the delegated police power of the State. That this power may be delegated to a municipal corporation is no longer to be questioned. *S. v. Austin,* 114 N. C., 855; *S. v. Vanhook,* 182 N. C., 831; *Gunter v. Sanford,* 186 N. C., 452; *S. v. Weddington,* 188 N. C., 643. The enforcement of police regulations is a governmental function, 19 R. C. L., 697(a), and it has been said that upon the exercise of this power depend the life, safety, health, morals, and the comfort of the citizen, the enjoyment of private and social life, the beneficial use of property, and the security of social order. *Slaughterhouse cases,* 16 Wall, 62. It is upon this principle that the expense of providing water, sewerage, a fire department, a markethouse, an incinerator, and similar improvements is deemed to be the necessary governmental expense of a city or town. We see no sound reason why the principle should not extend to and include an abattoir, which is intended as a protection against disease. *Henderson v. Wilmington, supra; Storm v. Wrightsville Beach,* 189 N. C., 679; *Scales v. Winston-Salem, ibid.,* 469; *Dayton v. Asheville,* 185 N. C., 12. We think the judgment should be

Affirmed.