## STATE v. M. C. MEDLIN.

### (Filed 20 October, 1915.)

**1. Municipal Corporations—Ordinances—Sunday Closing—Unlawful Discrimination—Test—Procedure—Constitutional Law.**

Commissioners of a town may, by valid ordinance, prohibit the opening of places of business in the town on Sunday, excepting drug stores, Revisal, sec. 2923; and where by further provision of the ordinance the drug stores may sell drinks, tobacco, etc., between certain hours, an objection to this provision on the constitutional ground of unlawful discrimination can only be tested by indicting the drug stores selling the soft drinks between the hours prescribed, and not by alleging it as a defense to an indictment that other stores have violated this ordinance.

**2. Municipal Corporations—Statutes—Ordinances—Sunday Closing—Unreasonable Regulation—Drug Stores—Other Commodities—Constitutional Law.**

An ordinance of a town may, under the provisions of the Revisal, sec. 2923, prohibit the opening of all places of business on Sunday, except drug stores; and it is not an unreasonable regulation, under the police power of the town, inasmuch as drug stores are open all day Sunday, for the governing authorities to further provide that they may sell articles of common use which are *quasi* necessities to many, such as mineral waters, soft drinks, cigars and tobacco only, between certain hours of that day.

**3. Municipal Corporations—Ordinances—Sunday Closing—Interpretation of Statutes.**

Revisal, sec. 2836, forbidding "work in ordinary callings on Sunday," under a penalty of $1, does not make keeping open shop and selling goods on Sunday an indictable offense, and an ordinance of a town, passed in pursuance of Revisal, sec. 2923, for the better government of the town, prohibiting keeping open stores and other places of business on Sunday for the purpose of buying and selling, excepting ice, drugs and medicines, and permitting drug stores to sell soft drinks, etc., within certain hours, is not objectionable on the ground that the offense is covered by Revisal, sec. 2836, for the ordinance is passed under the police powers of the town, its violation is indictable, and in furtherance of local government, which the statute contemplates.

**4. Municipal Corporations—Ordinances—Valid in Part—Constitutional Law.**

A town ordinance which is valid in part as a police regulation, regarding Sunday hours, will not be held invalid because of a further and unconstitutional provision or exception from its general terms.

APPEAL by the State from *Peebles, J.,* at September Term, 1915, of WAKE.

The defendant was found guilty in the recorder's court of Zebulon of violation of an ordinance of that town, and appealed to the Superior Court. In the Superior Court, on a special verdict, the court held that the ordinance was void, and from this judgment the State appealed. The town charter of Zebulon is chapter 84, Private Laws 1907.

The ordinance in question provides as follows:

"SECTION 2. Any person who shall open any shop or store on Sunday for the purpose of buying or selling (except ice) shall be fined $5; and

if any store shall be found open it shall be *prima facie* evidence that the same was opened by the proprietor for the purpose of selling; but drug stores may be kept open at all times on Sunday for the sale of drugs and medicines; and from 6 to 9:30 o'clock in the morning and from 1 to 4:30 o'clock in the afternoon for the sale of drugs, medicines, mineral waters, soft drinks, cigars and tobacco only."

The ordinance was adopted by virtue of Revisal, 2923, which provides: "The board of commissioners shall have power to make ordinances, rules and regulations for the better government of the town, not inconsistent with this chapter and the law of the land, as they may deem necessary."

*Attorney-General Bickett and Walter Clark, Jr., for the State.*
*J. C. Little and A. J. Barwick for defendant.*

CLARK, C. J. The special verdict finds that on Sunday, 18 July, 1915, after the adoption of the above ordinance, the defendant, who did not operate a drug store, between the hours of 6 and 8 o'clock a. m. opened his grocery store in the town of Zebulon and sold cigars, cigarettes, and coca-cola to several purchasers and received cash payment, and that at the same time a drug store in said town was open for the sale of articles other than drugs, etc.

The defendant contends that the ordinance is invalid:

1. Because the ordinance creates an invalid discrimination in favor of drug stores and against general dealers in the matter of the sales of cigars, tobacco, and soft drinks on Sundays.

The exception is to the last paragraph of the ordinance, which permits, "from 6 to 9:30 in the morning and from 1 to 4:30 o'clock in the afternoon," drug stores to be kept open "for the sale of drugs, medicines, mineral waters, soft drinks, cigars and tobacco only." If this is an invalid discrimination in favor of drug stores, the point would arise only upon an indictment against the drug store for acting under said section. If that paragraph is invalid the keeper of the drug store would be guilty; but the defendant cannot raise the point, because the commissioners had the right to close all establishments on Sunday. But conceding that the point could arise in this case, we do not find that such ordinance was beyond the police power vested in the town commissioners.

It cannot be contended that the commissioners could not permit the drug stores to be kept open at all times on Sunday for the sale of drugs and medicines as a matter of public necessity. The governing authorities of the town might think that the peace and order of the town and a proper regard for public opinion and securing one day of rest in seven might require that no establishment should be open for the sale of goods other than drugs and medicines on that day at all. It is

not beyond a reasonable regulation under the police power for them to provide further, that inasmuch as drug stores are open all day Sundays, as a matter of necessity, they might be permitted to sell articles of common use which are *quasi* necessities to many, such as mineral waters, soft drinks, cigars and tobacco only, from 6 to 9:30 in the morning and from 1 to 4:30 in the afternoon. This permits the smallest encroachment upon one rest day in seven, which rest the public requires.

The town authorities were not acting unreasonably in not permitting all other establishments to be opened even for that short time, because people might there congregate to the public scandal and to the dissatisfaction of the public, who expect a decent, reasonable observance of the Sabbath. Such results would not follow permitting the drug stores to sell these articles for a limited time on Sunday, since they are open all that day for the sale of medicine as a matter of necessity.

2. The second ground of objection is that there is a general statute prohibiting work and labor on Sunday, Revisal, 2836, and therefore the town has not the authority to adopt an ordinance covering the same subject. But Revisal, 2836, "forbidding work in ordinary callings on Sunday" under penalty of $1, does not make keeping open shop and selling goods on Sunday an indictable offense." *S. v. Brooksbank,* 28 N. C., 73; *S. v. Ricketts,* 74 N. C., 187. To same effect, *Melvin v. Easley,* 52 N. C., 356, which holds: "The statute in its operation is confined to manual, visible, or noisy labor, such as is calculated to disturb other people; for example, keeping open store or working in a blacksmith's shop. The Legislature has power to prohibit labor of this kind on Sunday." The whole subject is reviewed and discussed in *Rodman v. Robinson,* 134 N. C., 503.

This ordinance, which prohibits keeping open stores and other places of business for the purpose of buying or selling, except ice, drugs and medicines, and permits the drug stores to sell soft drinks and tobacco for a limited time in the morning and afternoon, as a convenience to public customs, is not an unreasonable exercise of the police power. Neither does it cover the same ground as Revisal, 2836.

Such local regulations are within the powers conferred on town authorities in their exercise of the police power, and if not satisfactory to the community such regulations will doubtless be changed at the instance of their constituents or by the election of a new board of commissioners. Public sentiment in this regard varies in different localities, and the power of making these local regulations is simply an exercise of "home rule," which is wisely vested in the town commissioners to conform to the sense of public decency and peace and order, which is observed by compliance with the sentiments of their constituents. Such regulations are neither already provided by the general law nor are they forbidden by any statute.

Revisal, 2923, takes notice that there may be a diversity of views in different towns, and provides that the commissioners "shall have power to make ordinances, rules and regulations for the better government of the town, not inconsistent with this chapter and the law of the land, *as they may deem necessary.*" When they come in conflict with the general statutes, the ordinances must give way. *Washington v. Hammond,* 76 N. C., 33; *S. v. Langston,* 88 N. C., 692. This ordinance does not conflict with any general statute; nor does it duplicate any general statute.

Even if the last paragraph of the ordinance, providing that drug stores may sell soft drinks and tobacco during certain hours on Sunday, were invalid, only that provision would be invalid, and the other provisions would be valid. *S. v. Earnhardt,* 107 N. C., 789.

Upon the special verdict judgment should have been imposed, and the cause is remanded to the Superior Court to that end.

Reversed.