STATE AND TOWN OF ANDREWS v. J. W. S. DAVIS ET AL.

(Filed 31 May, 1916.)

### 1. Municipal Corporations—Cities and Towns—Ordinances—Sunday Laws—Discrimination—Constitutional Law.

An ordinance of a town, authorized by statute, imposing a fine of $25 upon drug stores for selling cigars, etc., on Sunday, and a fine of $5 for the same offense upon restaurants, cafés, and lunch stands, declaring the same to be a misdemeanor, relates to distinct and easily severable occupations, and in the absence of any finding that those engaged in them come in competition with each other, the ordinance will not be declared unconstitutional and invalid upon the ground that it is discriminatory against the owners of drug stores.

### 2. Same—Statutes.

The authority given an incorporated town to make ordinances, rules and regulations for the better government of the town as they may deem best, Revisal, sec. 2923, includes the right to make an ordinance regulating or prohibiting the sale of cigars and tobacco on Sunday and to declare such sale a misdemeanor punishable by fine, etc., such tending to promote the morals and well-being of society; and it is *Held*, that the ordinance in question is also authorized under its charter provision giving the aldermen the power to make "regulations to cause the due observance of Sunday."

### 3. Same—Municipal Discretion.

The extent of the authority the General Assembly or a municipal corporation may exercise in the passage of statutes and ordinances regulating the observance of Sunday, when such are constitutional, is for the General Assembly, or for the governing body of the municipality acting under its authority.

CRIMINAL ACTION, tried before *Ferguson, J.,* and a jury, at January Term, 1916, of CHEROKEE.

This is a prosecution for a violation of an ordinance of the town of Andrews, tried in the Superior Court on appeal, where the following special verdict was returned by the jury and judgment was pronounced thereon:

"That the town of Andrews was duly chartered by the General Assembly of North Carolina in the year of 1905; that the mayor of said town is constituted an official court with the power to enforce the ordinances of said town. That the charter of the town of Andrews contains the following powers delegated to the board of aldermen, among others: 'To make regulations to cause the due observance of Sunday.'

"That on 16 July, 1915, the following ordinance was passed, to wit:

" '*The board of aldermen do enact:* That on and after the 24th day of July, 1915, it shall be unlawful for any drug store in the town of Andrews to sell any article of merchandise whatsoever on Sunday, except

as hereinafter provided. That this ordinance shall not be construed so as to apply to the filling of prescriptions, selling of patent medicine, or any article for the relieving of the sick and necessary for such. That any one found guilty of violating the above ordinance shall be guilty of a misdemeanor and shall pay a fine of $25 for each and every offense, and each violation shall constitute a separate and distinct offense.'

"That copy of this ordinance was posted at the postoffice, a public place in said town, within a few days after its passage; and it is not known if it remained posted for thirty days when the same was removed by the postmaster.

"The foregoing ordinance has never been replaced.

"That the defendant J. W. S. Davis and Ewart Davis are proprietors of a drug store in said town, known as Davis Pharmacy; that on Sunday, 28 November, 1915, the defendant sold in this drug store one cigar to Jess Porter, one package of cigarettes to Wymer Padgett, and one cigar to James Roper; these articles were not used as medicines, nor for the sick, but were among the goods kept for sale in said drug store.

"That a number of stores, two hotels, and several residents in said town kept cigars and cigarettes for sale at the same time.

"That on 25 May, 1915, the aldermen of said town passed the following ordinance:

"'(b)   That it shall be unlawful for any restaurant, café, or lunch stand to open its doors on Sunday for the sale of any article whatever, except such restaurants, cafés, or lunch stands that are only of that class and are conducted wholly as restaurant, café, or lunch stand: *Provided further,* that this section shall be construed so as to prohibit restaurant, café, or lunch stand carried on in connection with a grocery store from being permitted to do business on this day. He that shall be guilty of violating this ordinance shall be guilty of a misdemeanor and fined within the discretion of the court, not to exceed $5; and that such sale in violation of this ordinance shall constitute a separate offense, and that the opening of the doors shall be *prima facie* evidence of a sale.'

"On 5 July, 1915, the following amendment to said ordinance was passed at a special meeting of the board of aldermen, to wit:

"'It is hereby ordered that the following words be added to line seven in paragraph (b), and after the words "grocery store" the following words, "fruit stands, venders of soda water, ice-cream, or any other place of business whatever."'

"That the defendants have duly paid all license taxes required by the law of North Carolina, and are regularly licensed druggists.

"That the foregoing are valid and subsisting ordinances of said town.

"'A regular meeting of the board of aldermen shall be held at the mayor's office in the town of Andrews on the second Monday in each month, at 7:30 o'clock p. m.

" 'Copies of all ordinances shall, immediately after the ratification thereof, be published in some newspaper printed in the town of Andrews or posted at one or more public places within said town.

" 'That the foregoing ordinances shall be enforced from and after their ratification.

" 'By the board of aldermen read twice and ratified this the 8th day of September, 1913.'

"If upon the foregoing facts the court is of the opinion that the defendants are guilty, the jury find them guilty; if the court be of opinion that the defendants are not guilty, the jury find them not guilty."

Upon considering the foregoing special verdict, the court is of opinion that the penalty of $25 on one class and $5 on other classes for doing identically the same business in violation of the same ordinance is an unconstitutional discrimination. It is therefore considered and adjudged that the defendants are not guilty. They are discharged and the town of Andrews is adjudged to pay the cost.

(Signed)   G. S. FERGUSON,
*Judge Presiding.*

To the foregoing judgment the town of Andrews and State excepted and appealed to the Supreme Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for plaintiff.*
*M. W. Bell for defendants.*

ALLEN, J. The question which is very fully discussed in the briefs and upon which his Honor rested his decision, that the two ordinances set out in the verdict, when considered together, operate as an unlawful discrimination between persons engaged in the same business, does not arise, as the first ordinance deals only with keepers of drug stores, and the second with the keepers of restaurants, cafés, and lunch stands.

These are distinct and easily severable occupations, and there is no finding that those engaged in them come in competition with each other.

The ordinance, however, relating to druggists is further attacked upon the ground that the town of Andrews is not authorized to pass Sunday ordinances, and also that the ordinance is within itself an unreasonable classification.

The charter of the town of Andrews specifically authorizes the board of aldermen "to make regulations to cause the due observance of Sunday"; but if this were not sufficient, the Revisal, sec. 2923, gives power to cities and towns "to make ordinances, rules and regulations, for the better government of the town . . . as they may deem best."

This last statute was considered in *S. v. Medlin,* 170 N. C., 682, and in passing on an ordinance adopted by the town of Zebulon the Court

said: "This ordinance, which prohibits keeping open stores and other places of business for the purpose of buying or selling, except ice, drugs and medicines, and permits the drug store to sell soft drinks and tobacco for a limited time in the morning and afternoon, as a convenience to public customs, is not an unreasonable exercise of the police power. Neither does it cover the same ground as Revisal, 2836. Such local regulations are within the powers conferred on town authorities in their exercise of the police power, and if not satisfactory to the community, such regulations will doubtless be changed at the instance of their constituents or by the election of a new board of commissioners. Public sentiment in this regard varies in different localities, and the power of making these local regulations is simply an exercise of 'home rule,' which is wisely vested in the town commissioners to conform to the sense of public decency and peace and order which is observed by compliance with the sentiments of their constituents."

The ground on which Sunday laws are generally upheld is that the observance of Sunday is promotive of the moral and physical well-being of society, and that such statutes and ordinances are a valid exercise of the police power.

"Statutes prohibiting the pursuit of all occupations generally on Sunday have been uniformly held constitutional. *Frolickstein v. Mobile,* 40 Ala., 725; *Scales v. State,* 47 Ark., 476; *Com. v. Has.,* 122 Mass., 40; *Com. v. Wolf,* 3 S. and R. (Pa.), 48; *Specht v. Com.,* 8 Pa. St., 312; *Society, etc., v. Com.,* 53 Pa. St., 125; *Charleston v. Benjamin,* 2 Strobh. L. (S. Car.), 508; *Columbia v. Duke,* 2 Strobh. L. (S. Car.), 530, note; *Parker v. State,* 16 Lea (Tenn.), 476. Where, however, the statute prohibits the following of certain occupations only, or, after a general prohibitory provision, excepts certain occupations and callings from the operation of the statute, the decisions are not always in accord. Such statutes have been attacked as class legislation, but in the greater number of instances have been sustained. *Theisen v. McDavid,* 34 Fla., 440; *People v. Hagan* (Supr. Ct. Spec. T.), 36 Misc. (N. Y.), 349; *Nashville v. Linck,* 12 Lea (Tenn.), 499. Thus statutes prohibiting barbering on Sunday have been held constitutional. *People v. Bellet,* 99 Mich., 151; *People v. Havnor,* 149 N. Y., 195; *Ex. p. Northrup,* 41 Oregon, 489. And statutes prohibiting the playing of baseball are valid. *S. v. Powell,* 58 Ohio St., 324; *S. v. Goode,* 5 Ohio Dec., 281, 5 Ohio N. P., 179. A statute prohibiting barbering under a heavier penalty than that applied to other prohibited occupations has been upheld on the ground that the tendency to violate the law by that particular occupation may be greater, and that it was, therefore, in the discretion of the Legislature to fix a greater penalty. *Breyer v. State,* 102 Tenn., 103. Similarly, statutes prohibiting the keeping open of any place of business and excepting from its operation certain occupations, such as hotels, boarding-

houses, livery stables, retail drug stores, and such manufacturing establishments as are necessarily kept in operation, are held not to be unconstitutional. *Ex. p. Andrews,* 18 Cal., 679; *S. v. Sopher,* 25 Utah. See, also, *S. v. Nichols,* 28 Wash., 628. These statutes may apply to the entire class which they purport to affect. *Ex p. Northrup,* 41 Oregon, 489." *S. v. Justus,* 1 A. and E. Anno. Cases, 93.

In *Soon Hing v. Crowley,* 113 U. S., 703, a regulation which applied only to those engaged in the laundry business was sustained, and the Court said: "The specific regulation for one kind of business, which may be necessary for the protection of the public, can never be a just ground for complaint because like restrictions are not imposed upon other business of a different kind. The discriminations which are open to objection are those where persons engaged in the same business are subject to different restrictions, or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws."

The general question of the right of classification was very fully considered by this Court in *S. v. Davis,* 157 N. C., 648, and *Smith v. Wilkins,* 164 N. C., 135, and the doctrine was approved that the General Assembly or a municipal corporation has the power to classify the different occupations, provided the classification is not unreasonable and oppressive, and that usually the extent to which the power will be exercised is for the General Assembly or the governing body of the municipality.

We do not think the power has been exceeded in this instance, and the judgment of the Superior Court is therefore reversed.

Judgment should be entered against the defendant upon the special verdict.

Reversed.