### STATE v. R. L. WEDDINGTON.

(Filed 26 November, 1924.)

**Sunday — Sale of Merchandise — Soft Drinks — Ordinances — Cities and Towns.**

> An ordinance regulating the sale of merchandise, drinks, etc., on Sunday is a valid exercise of the police powers of an incorporated city or town; and while the service of meals within the town at restaurants, etc., is a necessity, permitting the sale of coffee, tea, etc., the sale of coca-cola as a part of the meals is not included, and a sale thereof as a part of the meal may be prohibited by ordinance. C. S., 2787 (6), (10), (27).

APPEAL by defendant from *Stack, J.,* at September Term, 1924, of ROWAN.

Criminal prosecution, tried upon a warrant charging the defendant with the sale of a bottle of coca-cola on Sunday, 3 August, 1924, in the incorporated town of Faith, N. C., in violation of an ordinance of said municipality.

From an adverse verdict, and judgment that the defendant pay a fine of a penny and the costs, he appeals.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Linn & Linn for defendant.*

STACY, J.   This prosecution was commenced in the mayor's court of the town of Faith, N. C., and tried *de novo* on appeal to the Superior Court of Rowan County.   From the latter court the case is brought here for the purpose of testing the validity of the following ordinance:

"That it shall be unlawful for any person or persons, merchants, tradesmen or company to sell or offer for sale on Sunday any goods, wares, drinks or merchandise of any kind or character, except in case of sickness or absolute necessity, in the town of Faith."

The facts are these: On Sunday, 3 August, 1924, the defendant, who owns and operates a restaurant in the town of Faith, Rowan County, N. C., sold and furnished to one Council Ward, for the price of five cents, a bottle of coca-cola as a part of and in connection with a midday meal or lunch.   In consequence of said sale he was charged with a violation of the above ordinance.   The defendant did not keep his restaurant open during the entire day of 3 August, 1924, and he has not regularly kept the same open on other Sabbath days, except at stated hours, reasonably adapted to the sale and service of meals and lunches.

The validity of the ordinance in question is conceded, as applied to a place of business dealing solely in soft drinks, sold as beverages, or as applied to the sale of a soft drink as a beverage, and no more; but it is the position of the defendant that in so far as it prohibits him, in good faith, from selling a coca-cola on Sunday as a part of and in connection with a meal or lunch, it is unreasonable, oppressive, in derogation of common right, and to this extent, he contends, the ordinance should be declared void and of no effect, as transcending the bounds of a reasonable exercise of the police power of said town.   C. S., 2787, subsecs. 6, 10, and 27; 6 R. C. L., 192.   He says that as it is lawful for him to sell a meal or lunch on Sunday as a work of necessity, it ought to be lawful to include in such meal or lunch, as a bona fide part thereof, any legitimate soft drink which his customer may desire, so long as it can fairly be considered a component part of the meal or lunch.   See *McAfee v. Com.,* 173 Ky., 83, as reported in L. R. A., 1917 C., 377, and note. ·

The defendant's position is not without force, because the suggested exception strongly appeals to the common judgment of men as being meet and proper under such conditions, but it must be remembered that we are dealing with the exercise of an unquestioned police power, and whether it transcends the bounds of reason—not with its wisdom or impolicy.   *S. v. Vanhook,* 182 N. C., 831; *S. v. Austin,* 114 N. C., 857. The peculiar conditions and evils to be remedied in the town of Faith can best be understood by the commissioners of that town, and the courts are permitted to check their acts only when they are palpably unreasonable and oppressive.   *S. v. Burbage,* 172 N. C., 876.

It will be observed that the ordinance in question contains but two exceptions. It makes it unlawful for any person or persons, merchants, tradesmen or company to sell or offer for sale on Sunday in the town of Faith any goods, wares, drinks or merchandise of any kind or character, except in case of sickness or absolute necessity. His Honor instructed the jury that the word "drinks," as used in the ordinance, had a well-known meaning, and that it would include any soft drink usually sold as a beverage, such as coca-cola, but that it would not embrace water, coffee, tea, milk or anything not ordinarily classed as a beverage. Under this definition, which seems to be a fair interpretation of the word, it is clear that the sale of the coca-cola in question, though made in connection with a meal or lunch, comes squarely within the condemnation of the ordinance, and we cannot say that it is an unreasonable and unwarranted exercise of the police power in the town of Faith. It is primarily a question addressed to the good judgment and common sense of the commissioners of that town. *S. v. Austin,* 114 N. C., 855; *Humphrey v. Church,* 109 N. C., 132; *S. v. Summerfield,* 107 N. C., 895.

The decision in *S. v. Blackwelder,* 186 N. C., 561, is not at variance with our present position, for there the prohibition extended to the sale of a meal in the town of Landis on Sunday, and this was held to be unreasonable. It is not unlawful in this country to eat on Sunday, nor even "to pull the ox out of the ditch," but it is unlawful, under the above ordinance, to sell drinks on Sunday in the town of Faith.

The power to enact ordinances, similar to the one before us, has been upheld in *S. v. Pulliam,* 184 N. C., 681; *S. v. Burbage,* 172 N. C., 877; *S. v. Davis,* 171 N. C., 809; *S. v. Medlin,* 170 N. C., 682.

The record presents no reversible error, hence the verdict and judgment must be upheld.

No error.