CHARLES STORES COMPANY, INC. v. JUSTUS M. TUCKER, CHIEF OF PO-
LICE FOR THE CITY OF WINSTON-SALEM, NORTH CAROLINA; M. C. BENTON,
MAYOR OF THE CITY OF WINSTON-SALEM; AND FLOYD S. BURGE, JR.,
ARCHIE ELLEDGE, GEORGE W. CHANDLER, W. N. SCHULTZ, CARL
H. RUSSELL, CARROLL E. POPLIN, DR. FRANK R. SHIRLEY, AND
DOUGLAS B. ELAM, MEMBERS OF THE BOARD OF ALDERMEN FOR THE CITY
OF WINSTON-SALEM, NORTH CAROLINA.

(Filed 24 February, 1965.)

**1. Municipal Corporations § 27—**

The requiring of the observance of Sunday has a reasonable relationship
to the public peace, welfare, safety and morals, and therefore rests within
the police power of the State, and the State has delegated such power to
its municipalities. G.S. 160-52, G.S. 160-200(6), (7), (10). Private Laws of
1927, ch. 232, § 37.

**2. Constitutional Law § 14—**

A municipal ordinance proscribing all merchandising within the city on
Sunday and exempting from the ordinance merchants selling certain com-
modities having a relationship to the public health and the enjoyment of
Sunday as a day of rest and recreation, is constitutional in its application
to a general department store merchant prohibited Sunday operations, even
though such merchant sells some items also sold by other merchants exempt
from the ordinance, provided the ordinance prohibits all merchants in plain-
tiff's classification from Sunday operations, since the validity of the class-
ification depends upon whether all similiarly    situated are treated alike
and not whether competition is preserved as to all items of merchandise.

**3. Criminal Law § 1—**

The municipal Sunday observance ordinance in question *held* sufficiently
definite to enable a citizen of reasonable intelligence to determine what
goods could or could not be legally sold within the city on Sunday, and
therefore the ordinance is not void as being unconstitutionally vague. Diffi-
culty as to classification of a few inconsequential items does not warrant
declaring the ordinance invalid.

**4. Constitutional Law § 4—**

A merchant prohibited from Sunday operations may not attack the
Sunday observance ordinance on the ground of its uncertainty as to what
articles were permitted by the ordinance to be sold by other merchants
exempt from the ordinance, since a person is entitled to attack the con-
stitutionality of a legislative act only if he himself is in immediate danger
of sustaining a direct injury therefrom.

APPEAL by plaintiff from *McConnell, J.,* June 1964 Session of
FORSYTH. This appeal was docketed in the Supreme Court as Case
No. 392 and argued at the Fall Term 1964.

Plaintiff corporation, in its own behalf and in behalf of "numerous
other persons, firms, and corporations" similarly situated, instituted
this action on June 12, 1964, for the purpose of permanently restrain-

ing defendants — the Chief of Police, the Mayor, and the Board of Aldermen of the City of Winston-Salem — from enforcing Winston-Salem Code ch. 26, "Sunday Observance," which became effective June 14, 1964, on the ground that it violates the N. C. Const. art. I, § 17, and of U. S. Const. amend. XIV, § 1. A copy of this ordinance was attached to and made a part of the complaint.

On June 12, 1964, Judge McConnell issued a temporary restraining order, returnable on June 24, 1964, at which latter time defendants were directed to show cause why the temporary restraining order should not be continued. When the matter came on for hearing pursuant to this order, defendants demurred *ore tenus* to the complaint. Judge McConnell sustained the demurrer *ore tenus*, and plaintiff appeals to this Court. Pending this appeal, Judge McConnell, in his discretion, continued the restraining order in full force and effect.

*Cannon, Wolfe & Coggin; Hatfield & Allman for plaintiff.*
*Womble, Carlyle, Sandridge & Rice for defendants.*

SHARP, J. The General Assembly, by G.S. 160-52 and G.S. 160-200(6), (7), and (10), has delegated to municipalities the power to enact ordinances requiring the observance of Sunday. In addition to these general powers granted to all municipalities, it has granted to the City of Winston-Salem in its charter the specific authority "to regulate the due observance of Sunday." N. C. Priv. L. (1927) ch. 232, § 37, p. 434. The provisions of the ordinance in question are quoted and summarized as follows:

"Sec. 26-1.  Required.

(a)  It shall be unlawful for any person to sell, offer or expose for sale any goods, wares or merchandise in the city on Sunday, nor shall any store, shop, warehouse or any other place of business in which goods, wares or merchandise are kept for sale, be kept open between 12:00 midnight Saturday and 12:00 midnight Sunday, unless such store, shop, warehouse or other place of business is expressly allowed to open and sell goods under the provisions of this chapter; provided, however, that notwithstanding any other provisions of this chapter, on Sunday no such store, shop, warehouse or other place of business shall sell, offer or expose for sale any of the following:

(1)  Clothing and wearing apparel;
(2)  Clothing accessories;
(3)  Furniture, housewares, home, business, or office furnishings;

CHARLES STORES v. TUCKER.

(4)    Household, business or office appliances;

(5)    Hardware, tools, paints, building and lumber supply materials;

(6)    Jewelry, silverware, watches, clocks, luggage, musical instruments or recordings.

(b)    Each separate sale or offer to sell shall constitute a separate offense.

\*       \*       \*

"Sec. 26-4.   Cigar and tobacco stores and newsstands.

Cigar and tobacco stores or stands and newsstands may keep open on Sunday for the sale of tobacco, tobacco products, papers and periodicals and accessories, together with soft drinks, ice cream, candy and cakes.

"Sec. 26-5.   Drug stores.

Drug stores having a licensed pharmacist may keep open on Sunday for all purposes, including the operation of soda fountains located therein.

\*       \*       \*

"Sec. 26-7.  .Sale of fruits and melons.

Stands for the sale of fruits and melons may remain open on Sundays during the hours of 7:00 to 9:00 a.m. and from 12:00 noon to 12:00 midnight, and such establishments shall remain closed on Sunday except during these hours.

"Sec. 26-8.   Garages and filling stations.

Public garages and filling stations may be kept open for the hiring and storage of automobiles and for the sale of gasoline and oils, soft drinks, ice cream, candy, cakes and tobaccos at all hours.

"Sec. 26-9.   Grocery stores and curb markets.

Grocery stores and curb markets, including those selling confectionery items as defined in section 26-10, may remain open on Sunday during the hours of 7:00 to 9:00 a.m. and from 12:00 noon to 12:00 midnight, for the sale of any items not otherwise prohibited by law. All such establishments, including those selling confectionery items, shall remain closed on Sunday except during these hours."

The sections of ch. 26 not quoted above deal with matters not specifically involving plaintiff and others similarly situated. Section 2 permits bootblack stands to operate on Sunday. Section 3 authorizes the

sale of Christmas greenery on Sundays during the month of December. Section 6 authorizes moving pictures, baseball, football, basketball, golf, tennis, dog and horse shows on Sunday and the sale of tickets to these performances between the hours of 12:30 p.m. and 12:00 midnight. All other sports and amusements are prohibited on Sunday. Soft drinks, ice cream, candy, cakes, wrapped sandwiches and tobacco may be sold on Sundays at all lawful exhibitions of baseball, football, basketball, golf or tennis. Section 10 permits hotels, boarding-houses, confectioneries, wiener stands, and cafes and restaurants, which "are also conducted as restaurants or cafes on other days of the week," to remain open. Section 11 permits manufacturers and dealers in ice to make sales of ice and certain deliveries. Section 12 permits manufacturers of ice cream, dairies and creameries to sell their products on Sundays. Section 13 authorizes the publication of newspapers and the sale of newspapers and magazines by newsstands or newsboys in the streets. Section 14 permits tobacco warehouses to open their doors on Sundays long enough to receive vehicles loaded with tobacco. Section 15 prohibits street sales of newspapers, and all other printed matter except programs for the service, from midnight until after the sunrise services of the Moravian Church on Easter Sunday in the area of the city involved in the services.

Winston-Salem Code § 1-8 makes the violation of any provision of ch. 26 punishable by a fine of $50.00 or 30 days' imprisonment for each separate violation. Each day any violation continues constitutes a separate offense.

These pertinent facts are alleged in the complaint and admitted by the demurrer: (1) plaintiff operates a general retail and wholesale merchandising store in the City of Winston-Salem, where it engages on week days and Sundays in the business of selling goods, wares and merchandise, the sale of some of the articles being absolutely prohibited on Sunday by said ch. 26; (2) the ordinance requires plaintiff and those similarly situated to close on Sunday, though permitting drug-stores, food stores, tobacco stores and newsstands, which sell some of the items plaintiff also sells, to remain open on Sunday; (3) plaintiff, as well as those "in whose behalf this class action is instituted, derives from each Sunday's sales of its merchandise a substantial dollar-volume of business"; (4) defendants will make or cause to be made, after the effective date of the ordinance, "arrests of any persons, firms, or corporations (including plaintiff) herein for the violation of the aforesaid resolution and ordinance."

Plaintiff avers that these repeated arrests under "the continuing offense aspect" of the ordinance will result in a multiplicity of actions, fines and penalties, destroy the good will plaintiff has acquired in the

community, damage the morale of personnel, and thereby subject plaintiff to irreparable damage for which it has no adequate remedy at law. It is plaintiff's contention that the ordinance violates the equal-protection clause of the Fourteenth Amendment to the Federal Constitution, as well as its due-process clause, and the synonymous law-of-the-land provision of the State Constitution, *State v. Ballance,* 229 N.C. 764, 51 S.E. 2d 731, in that (a) its application does not affect all persons, firms or corporations engaged in operations similar to this of plaintiff; (b) the classification of articles prohibited by the ordinance is arbitrary and discriminatory; (c) the ordinance has no reasonable relationship to the public peace, welfare, safety, and morals; and (d) it is so indefinite and general that men of ordinary intelligence must differ as to its meaning.

These identical contentions were all made with reference to a similar ordinance, and overruled by this Court, in *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364. The reasoning in that opinion is decisive of this case. In *Clark's Charlotte, Inc.,* the Sunday-closing ordinance of the City of Charlotte withstood the challenge to its constitutionality by a plaintiff which, as here, operated a general merchandising business. The full text of the Charlotte ordinance appears at 261 N.C. 225, 134 S.E. 2d 366. Briefly, it prohibited the operation of *any business* within the city and then entirely exempted from its operation certain businesses. In addition, it permitted "drugstores furnishing medical or surgical supplies, foodstuffs, beverages, tobacco products, books, newspapers and magazines only; food stores furnishing foodstuffs, beverages, tobacco products, books, newspapers and magazines only" to remain open. The exempted businesses sold some of the same goods which Clark's Charlotte, Inc., as the operator of a large department store, sold. In general, that ordinance exempted those businesses rendering essential services or furnishing products considered as necessary for health or as contributing to the recreational aspect of Sunday.

The Winston-Salem ordinance under consideration imposes no ban upon either services or manufacturing. It merely prohibits *merchandising* in Winston-Salem on Sunday, and requires all places wherein merchandise is kept for sale to remain closed from Saturday midnight until Sunday midnight. It then exempts certain types of stores, stands, and businesses from the closing requirements. Some of these exempted businesses sell on Sunday some of the same articles which plaintiff sells. Drugstores having a licensed pharmacist are unrestricted; the other businesses are restricted either as to the hours of operation or as to products which may be sold, leased, or received for storage. No business permitted to open on Sunday, however, is permitted to sell any of

the proscribed merchandise contained in the six categories listed in §
26-1.

Thus, it will be seen that both the Charlotte and the Winston-
Salem ordinances generally prohibit a broad range of Sunday activities
and then exempt specified activities. Ordinances prohibiting *the exer-
cise of all occupations generally* on Sunday "except those of necessity
and charity" are constitutional. *Surplus Store, Inc. v. Hunter,* 257 N.C.
206, 125 S.E. 2d 764; *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783.
Exceptions are valid if they are reasonable and do not discriminate
within a class between competitors similarly situated. *Clark's Char-
lotte, Inc., supra; State v. McGee, supra;* Annot., Validity of discrim-
ination by Sunday law between different kinds of stores or commodities,
57 A.L.R. 2d 975; Comment, Sunday Laws, 43 N.C.L. Rev. 123; Note,
32 N.C.L. Rev. 552.

Here, as in *Clark's Charlotte, Inc., supra,* plaintiff does not contend
that the ordinance discriminates against it insofar as it applies to
other general retail and wholesale merchandising stores; ch. 26 re-
quires *all* such stores to remain closed on Sunday. Plaintiff complains,
just as did the merchants in *Clark's Charlotte, Inc., supra; State v.
Towery,* 239 N.C. 274, 79 S.E. 2d 513; and *State v. McGee, supra,* that
the ordinance permits drugstores, grocery stores, newsstands and to-
bacco stores, which sell some of the same merchandise plaintiff sells,
to remain open on Sunday. This being so, it argues the ordinance is dis-
criminatory and hence unconstitutional. This argument, as Denny, J.
(now C. J.) pointed out in *State v. Towery, supra* at 277, 79 S.E. 2d
at 516, undertakes "to make competition as between classes the test
rather than discrimination within a class." Competition, or the right
generally to conduct a business, is not the determining factor.

> " 'Legislative bodies may distinguish, select, and classify ob-
> jects of legislation. It suffices if the classification is practical. They
> may prescribe different regulations for different classes, and dis-
> crimination as between classes is not such as to invalidate the
> legislative enactment. The very idea of classification is inequality,
> so that inequality in no manner determines the matter of consti-
> tutionality. The one requirement is that the ordinance must affect
> all persons similarly situated or engaged in the same business with-
> out discrimination.' " *State v. McGee, supra at* 639, 75 S.E. 2d at
> 787. (Citations omitted.)

In effect, the Winston-Salem ordinances makes two categories of
merchandise: (1) commodities which sustain life, promote health, and
advance the enjoyment of Sunday as a day of rest; and (2) all other
commodities. By this ordinance, the Board of Aldermen as the legisla-

tive body of Winston-Salem clearly indicated an intent to suspend on Sunday all merchandising not primarily related to the first category. In doing so, it did not act arbitrarily. The classification which the Board has made affects alike all persons similarly situated. It is both reasonable and practical to require people to do their serious shopping for clothing, furniture, automobiles, household and office appliances, hardware, and building supplies on week days. Although the discount merchants on the highway do not share the downtown merchants' liking for Sunday quiet — *vérité en deçà des Pyrénées, erreur au delà* — yet "it so happens that the great majority of people desire to observe Sunday as the day of rest," Denny, J. (now C. J.) in *State v. McGee, supra* at 644, 75 S.E. 2d at 790. Nevertheless, on the first day of the week, these same people desire also to eat and drink, to drive to church and other places, to read, and otherwise to divert themselves from their working activities. Nowadays, such an unrelenting, theocratic observance of Sunday as the Puritans imposed on the populace of New England during the seventeenth century would be impractical, to say the least; yet the racks of contemporary living under our competitive system make Sunday's change of pace ever more important to the average citizen. The exemptions in Winston-Salem's Sunday-observance ordinance recognize his need and his desire for recreation, and this recognition, in the ordinance, has a reasonable relation to the public welfare.

In holding certain Sunday-closing laws of Maryland to be constitutional, Mr. Chief Justice Warren has said:

"It would seem that a legislature could reasonably find that the Sunday sale of the exempted commodities was necessary either for the health of the populace or for the enhancement of the recreational atmosphere of the day — that a family which takes a Sunday ride into the country will need gasoline for the automobile and may find pleasant a soft drink or fresh fruit; that those who go to the beach may wish ice cream or some other item normally sold there; . . . that newspapers and drug products should always be available to the public. . . .

"The record is barren of any indication that this apparently reasonable basis does not exist, that the statutory distinctions are invidious, that local tradition and custom might not rationally call for this legislative treatment. Likewise, the fact that these exemptions exist and deny some vendors and operators the day of rest and recreation contemplated by the legislature does not render the statutes violative of equal protection since there would appear to be many valid reasons for these exemptions. . . ." *Mc-*

*Gowan v. Maryland,* 366 U.S. 420, 426, 6 L. Ed. 2d 393, 399, 81 S. Ct. 1101, 1105.

In accordance with the ruling in *Clark's Charlotte, Inc., supra,* we hold that the provisions of this ordinance "insofar as it has been challenged on this appeal," *Id.* at 233, 134 S.E. 2d at 372, are not unreasonable, not arbitrary, and not discriminatory as applied to plaintiff.

That Sunday-observance laws have a reasonable relationship to the public peace, welfare, safety and morals, and are for that reason a proper exercise of the police power, has been heretofore decided by this Court so many times that citation of authority seems unnecessary. See, nonetheless, *Clark's Charlotte, Inc., supra; State v. Towery, supra; State v. McGee, supra.*

There is likewise no merit in plaintiff's contention that this ordinance is unconstitutionally vague; that the categories of prohibited goods in § 26-1 constitute such a "grey area" that reasonably intelligent persons cannot be certain what goods can or cannot be legally sold. See *Surplus Store, Inc. v. Hunter, supra.* The constitutionality of a legislative enactment should not ordinarily turn upon such trivia as whether a safety pin is a "clothing accessory" or whether a pencil is "office equipment." This Court was of the opinion that the ordinance which the plaintiff challenged in *Clark's Charlotte, Inc., supra,* was clear enough for the reasonably intelligent person to know what it prohibited. We have no more reason here to be apprehensive that § 26-1 of the Winston-Salem ordinance will baffle average intelligence. *Two Guys v. McGinley,* 366 U.S. 582, 6 L. Ed. 2d 551, 81 S. Ct. 1135; *accord, State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768; *State v. Towery, supra.*

Be that as it may, as defendants point out, plaintiff has no standing to challenge the constitutionality of that portion of the ordinance listing items of merchandise which may not be sold on Sunday by businesses allowed to remain open. These categories do not concern plaintiff; they can cause no agonies of decision for its management because plaintiff is allowed to sell *nothing* on Sunday. Only one who is in immediate danger of sustaining a direct injury from legislative action may assail the validity of such action. It is not sufficient that he has merely a general interest common to all members of the public. *Watkins v. Wilson,* 255 N.C. 510, 121 S.E. 2d 861; *Fox v. Commissioners of Durham,* 244 N.C. 497, 94 S.E. 2d 482; *Turner v. Reidsville,* 224 N.C. 42, 29 S.E. 2d 211.

For the reasons stated herein, and amplified by Parker, J. in *Clark's Charlotte, Inc., supra,* we hold that the Sunday-observance ordinance

of Winston-Salem, Code ch. 26, withstands the challenges to its constitutionality which have been made on this appeal.

The judgment below is

Affirmed.