RALEIGH MOBILE HOME SALES, INC. v. TRAVIS H. TOMLINSON, MAYOR OF THE CITY OF RALEIGH, NORTH CAROLINA, AND GEORGE B. CHERRY, EARL H. HOSTETLER, SEBY B. JONES, WILLIAM M. LAW, CLARENCE E. LIGHTNER, WILLIAM H. WORTH, MEMBERS OF THE CITY COUNCIL FOR THE CITY OF RALEIGH, NORTH CAROLINA, AND THOMAS W. DAVIS, CHIEF OF POLICE OF THE CITY OF RALEIGH, NORTH CAROLINA

No. 6910SC74

(Filed 25 February 1970)

**1. Constitutional Law § 4; Injunctions § 5— action to restrain enforcement of ordinance — constitutional issues**

Notwithstanding the general rule that the constitutionality of a statute or ordinance purporting to create a criminal offense may not be challenged in an action to enjoin its enforcement, such action is permitted when injunctive relief is essential to the protection of property rights and the rights of persons against injuries otherwise irremedial.

**2. Constitutional Law § 4; Municipal Corporations § 32— constitutionality of Sunday observance ordinance — standing to litigate**

Although a Sunday observance ordinance makes no express reference to "mobile homes" or to "conventional homes," plaintiff mobile home dealer has standing to challenge the constitutionality of the ordinance as applied to plaintiff and other mobile home dealers, where plaintiff has alleged that the ordinance is being enforced by preventing mobile home dealers from offering for sale or selling mobile homes on Sunday but is not being similarly enforced to prevent the offer for sale or sale of conventional homes.

**3. Constitutional Law § 14; Municipal Corporations § 32— Sunday observance ordinance — constitutionality**

A city ordinance regulating Sunday sales will be upheld as a valid exercise of the police power delegated to municipalities by G.S. 160-52 and G.S. 160-200(6), (7), and (10), if the classifications created by the ordinance are founded upon reasonable distinctions, affect equally all persons within a particular class, and bear a reasonable relationship to the public health and welfare sought to be promoted.

**4. Constitutional Law § 14— constitutionality of ordinance classifications**

So long as the classification made by an ordinance bears some reasonable relationship to the public welfare which the ordinance seeks to promote, the ordinance will not be rendered unconstitutional merely because persons in one class derive some incidental competitive advantage over those in another.

**5. Constitutional Law § 14; Municipal Corporations § 32— Sunday observance ordinance — prevention of sale of mobile homes — constitutionality**

Sunday observance ordinance which prevents the offer for sale or sale of mobile homes on Sunday but does not prevent such offer for sale or sale of conventional homes does not create classifications not founded on

reasonable distinctions and affects equally all members of the same class, since a conventional home is real property and a mobile home while in the hands of a dealer is personal property, and the distinctions between real and personal property provide a legitimate basis for such classification.

**6. Constitutional Law § 14; Municipal Corporations § 32— Sunday observance ordinance — prevention of sale of mobile homes — constitutionality**

Sunday observance ordinance which prevents the offer for sale or sale of mobile homes on Sunday but does not prevent such offer for sale or sale of conventional homes *is held* not to create classifications bearing no reasonable relationship to the purpose of the ordinance of providing for the due observance of Sunday as a day of rest, since the sale of mobile homes requires a concentration of employees and customers at a single location, while the sale and display for sale of conventional homes, which by their nature are scattered over a wide area, do not create a high concentration of potential sellers and buyers.

APPEAL by plaintiff from *Hobgood, J.,* September 1968 Session of WAKE Superior Court.

Plaintiff corporation, which operates a mobile home sales lot in the City of Raleigh, instituted this action to enjoin enforcement against it and others similarly situated of the ordinance enacted by the Raleigh City Council on 3 June 1968 which is entitled "An Ordinance to Provide for the Due Observance of Sunday." This ordinance is quoted in full in *Kresge Co. v. Tomlinson,* 275 N.C. 1, 165 S.E. 2d 236, and will not be repeated here.

Insofar as material to the questions presented by this appeal, plaintiff in its complaint in substance alleged: Plaintiff operates a mobile home sales lot in the City of Raleigh at which it sells, offers and exposes for sale, only mobile homes, deriving its entire income from the sale of such homes. For several years plaintiff has sold, offered or exposed for sale, mobile homes at said lot seven days per week. The ordinance referred to is being enforced against mobile home dealers and their agents and employees by preventing the selling, offering or exposing for sale, of mobile homes on Sunday, but said ordinance is not being enforced as to dealers in the sale or offering for sale of conventional homes on Sunday. Prospective purchasers of conventional homes are also prospective purchasers of mobile homes, and the plaintiff is in direct competition with sellers of conventional homes. Sellers of conventional homes and sellers of mobile homes are similarly situated and are in the same class and there is no reasonable or legal basis for distinguishing between them. If the City of Raleigh is permitted to continue to enforce the ordinance in the matter described and plaintiff is thereby prevented

from continuing to sell, offer or expose for sale, mobile homes on Sunday, while sellers of conventional homes are permitted to sell conventional homes on Sunday, plaintiff would be deprived of its property rights without due process of law in that (1) such an application of the ordinance does not affect all persons, firms or corporations in the same class as plaintiff, and (2) the classification of articles the sale of which is prohibited on Sunday by the ordinance is arbitrary and discriminatory and has no reasonable relationship to the public peace, welfare, safety and morals.

On motion of plaintiff, a temporary restraining order was entered, enjoining enforcement of the ordinance against the plaintiff and other mobile home dealers, their agents and employees. At the show cause hearing, defendants demurred *ore tenus* to the complaint, and from judgment sustaining the demurrer plaintiff appealed.

*Phillip C. Ransdell for plaintiff appellant.*

*Donald L. Smith for defendant appellees.*

PARKER, J.

In *Kresge Co. v. Tomlinson,* 275 N.C. 1, 165 S.E. 2d 236, our Supreme Court sustained the Raleigh Sunday Ordinance here in question against the attack that it was unconstitutional as violative of the First Amendment to the United States Constitution. Plaintiff appellant here attacks the ordinance as unconstitutional on the ground that, as enforced against it, the ordinance is discriminatory because its application does not affect equally all persons in the same class and engaged in similar operations as plaintiff, and on the ground that the classifications in the ordinance bear no reasonable relationship to the public health, welfare, safety and morals of the citizens of Raleigh. Plaintiff contends that for these reasons the ordinance violates the Fourteenth Amendment to the United States Constitution and Section 17 of Article I of the North Carolina Constitution.

[1, 2]    An initial question presented by this appeal is whether plaintiff has standing to litigate the issue of the constitutionality of the ordinance on the grounds upon which it is here attacked. We hold that it does. "Notwithstanding the *general* rule that the constitutionality of a statute or ordinance purporting to create a criminal offense may not be challenged in an action to enjoin its enforcement, a well-established exception permits such action when injunctive relief is essential to the protection of property rights and the rights of persons against injuries otherwise irremediable." *Kresge*

*Co. v. Tomlinson, supra.* Plaintiff's factual allegations, which are admitted on demurrer, are sufficient to support its conclusion that enforcement of the ordinance in the manner alleged would cause it to suffer "substantial direct economic injury and subject plaintiff to irreparable damage." While the ordinance makes no express reference to "mobile homes" on the one hand, or to "conventional homes" or real estate on the other, plaintiff has alleged, and defendants' demurrer admits, that the ordinance is in fact being enforced against plaintiff and other dealers in mobile homes by preventing the offering for sale or selling of mobile homes on Sunday, but that it is not being similarly enforced to prevent the offering for sale or selling of conventional homes and real estate on Sunday. On these factual allegations, which are admitted for purposes of ruling on the demurrer, plaintiff has standing to challenge the constitutionality of such enforcement of the ordinance on the grounds here asserted.

[3, 4]   In this jurisdiction it is well established that a city ordinance regulating Sunday sales will be upheld as a valid exercise of the State's police power, delegated to municipalities by G.S. 160-52 and G.S. 160-200(6), (7) and (10), if the classifications created by the ordinance are founded upon reasonable distinctions, affect equally all persons within a particular class, and bear a reasonable relationship to the public health and welfare sought to be promoted. *Kresge v. Tomlinson, supra; Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370; *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364; *State v. Towery,* 239 N.C. 274, 79 S.E. 2d 513; *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198. Plaintiff contends that the Raleigh ordinance here involved creates classifications not founded upon reasonable distinctions and does not affect equally all persons similarly situated to the plaintiff. This contention is based on the argument that since potential purchasers of mobile homes are also potential purchasers of real estate and conventional homes, no reasonable distinction can be made to prohibit the sale of one type of home while permitting the sale of the other. This argument has been answered against plaintiff's contention, insofar as this jurisdiction is concerned, by the holding in *State v. Towery, supra.* The plaintiff here, as the plaintiff in that case, "falls into error in undertaking to make competition as between classes the test rather than discrimination within a class." So long as the classification made by the ordinance bears some reasonable relationship to the public welfare which the ordinance seeks to promote, the ordinance will not be rendered unconstitutional merely because persons in one class derive some incidental competitive advantage over those in another.

**[5]**   A conventional home is real property. A mobile home, at least until it becomes so affixed to land as to become a part thereof, is personal property. Certainly, a mobile home while in the hands of a dealer such as the plaintiff, remains personal property. Distinctions between real and personal property are so numerous and have existed for so long a time in our jurisprudence that there can be no doubt that they provide a legitimate basis for classification at least for many purposes. The classification of property into these two types, real and personal, rooted as it is in our history, could not be considered on its face as being arbitrary. The question remains whether the classification bears a reasonable relationship to the public purpose which the ordinance here in question seeks to promote. We hold that it does.

**[6]**   The public purpose of the ordinance, as stated in its preamble, is to provide for the due observance of Sunday as a day of rest, and to protect and promote the public health and the general welfare of the citizens. This purpose is sought to be attained by making it unlawful "for any person to sell, offer or expose for sale any goods, wares or merchandise in the city on Sunday." (Sales of certain limited categories of goods are expressly permitted by the ordinance; these express exceptions were held not unreasonable, arbitrary, or discriminatory as applied to the plaintiffs in *Kresge v. Tomlinson, supra,* and plaintiff here makes no contention that they are unreasonable or discriminatory as applied to it.) Dealer sales of mobile homes, as sales of other "goods, wares or merchandise," are customarily made from the dealer's premises, where many of such homes are displayed in a small area for the purpose of attracting customers. By advertising and other means the dealer in mobile homes, as the dealer in any other merchandise, attempts to attract to his premises as many customers as possible. When open for business, the dealer must provide a sufficient number of salesmen and other employees to service his customers. This concentration of employees and customers for purpose of engaging in commercial transactions at a single location certainly detracts from "the due observance of Sunday as a day of rest." On the other hand, sales and display for sale of conventional homes, which by their nature are scattered over a wide area, do not create the high concentration of would-be sellers and potential buyers. We find the classification in the ordinance here attacked by plaintiff sufficiently relevant to the objectives of the ordinance to meet the test of reasonableness. The demurrer to the complaint was properly sustained.

Affirmed.

Mallard, C.J., and Britt, J., concur.