PEOPLE *v.* DEROSE.

1. MUNICIPAL CORPORATIONS—HOME RULE ACT—RIGHT OF CITIES TO REGULATE TRADE, ETC.

    The business of keeping a grocery store is an "occupation" within the meaning of the home rule act (1 Comp. Laws 1915, § 3307, subd. *d*) giving to each city the right to provide "for the regulation of trade, occupations and amusements within its boundaries."[1]

2. WORDS AND PHRASES—"OCCUPATION" DEFINED.

    One's "occupation" is the regular business in which he is engaged for profit.[2]

3. SAME—"TRADE" DEFINED.

    The word "trade," as used in the home rule act, means an occupation or business.[3]

4. MUNICIPAL CORPORATIONS—HOME RULE ACT—BUSINESS PLACES MAY BE CLOSED ON SUNDAY AS A SANITARY MEASURE.

    Under the home rule act (1 Comp. Laws 1915, § 3307, subd. *q*), cities are authorized to require business places to be closed on Sunday; it being a sanitary measure not in conflict with the general laws of the State.[4]

[1]Municipal Corporations, 28 Cyc. p. 735 (1926 Anno); [2]Occupation, 29 Cyc. p. 1345 (1926 Anno); [3]Trade, 38 Cyc. p. 671; [4]Municipal Corporations, 28 Cyc. p. 743.

5. SAME—LANSING CHARTER—CITY COUNCIL HAS POWER BY ORDI-
NANCE TO CLOSE GROCERIES AND MEAT MARKETS ON SUNDAY.

Under the charter of the city of Lansing (chapter 4, §
59, subd. 38), providing that "the city shall have power
to pass ordinances  *  *  *  for the general welfare of
its inhabitants," the city council is authorized to pass
an ordinance prohibiting the keeping open of grocery
stores and meat markets on Sunday.[5]

6. SAME—CONSTITUTIONAL LAW—CLASS LEGISLATION.

An ordinance of the city of Lansing prohibiting the keep-
ing open of grocery stores and meat markets on Sunday
is not objectionable under the Constitution as class legis-
lation because drug stores, tobacco shops, and other places
are not included, since, in the absence of evidence to the
contrary, it must be assumed that the city council acted
upon facts within its possession which justified the classi-
fication as reasonable and proper.[6]

7. SAME—ORDINANCE NOT VOID FOR UNCERTAINTY BECAUSE IT FAILS
TO DEFINE "GROCERY STORES," ETC.

Said ordinance is not void for uncertainty because it fails
to define grocery stores, meat markets, groceries or meats,
since any man of average intelligence engaged in the
business knows the meaning thereof.[7]

Error to Ingham; *Carr* (Leland W.), J.    Submitted
October 28, 1924.    (Docket No. 183.)    Decided April
3, 1925.

Sam DeRose was convicted of violating a Sunday
closing ordinance, and sentenced to pay a fine of $15.
Affirmed.

*Dwight L. Wilson* and *Seymour H. Person,* for ap-
pellant.

*D. G. F. Warner,* City Attorney, for the people.

McDONALD, C. J.    The defendant was convicted in
the circuit court for the county of Ingham on a charge
of keeping his place of business open and offering

[5]Municipal Corporations, 28 Cyc. p. 705; [6]Id., 28 Cyc. p. 769;
[7]Id., 28 Cyc. p. 354.

for sale and selling groceries and meats on the first day of the week, commonly called Sunday, in violation of an ordinance of the city of Lansing. The facts are stipulated in the record and the sole question presented for our consideration is whether the ordinance under which the defendant was convicted is constitutional.

The ordinance provides:

"SECTION 1. That it shall be unlawful for any person, firm or corporation to sell or offer for sale any groceries or meats or to keep any grocery store, meat market or any other place in which groceries or meats are sold or kept for sale, on the first day of the week, commonly called Sunday: *Provided, however,* That nothing in this ordinance shall apply to persons, who conscientiously believe the seventh day of the week should be observed as the Sabbath and who actually refrain from secular business on that day.

"SEC. 2. Every person violating any of the provisions of this ordinance shall upon conviction thereof be punished by a fine of not less than ten dollars ($10.00) nor more than twenty-five dollars ($25.00) for such offense, or by imprisonment in the city jail, workhouse, county jail, or any workhouse in the State authorized by law to receive prisoners, not to exceed 90 days or both such fine and imprisonment in the discretion of the court."

The first objection to this ordinance is that neither the home rule act nor the charter gives the city authority to regulate the closing of business places on Sunday.

The home rule act (1 Comp. Laws 1915, § 3307, subd. "*d*"), says, that each city may provide "For the regulation of trade, occupations and amusements within its boundaries." The business of keeping a grocery store is an occupation within the meaning of this statute. One's occupation is the regular business in which he is engaged for profit. In the sense in which it is used in the act the word "trade" also means an occupation or business.

"In its broad and general sense it covers and embraces all occupations and business, with the possible exception of the learned professions and those that pertain to liberal arts and the pursuit of agriculture." 4 Words and Phrases (2d series), p. 956.

The home rule act, § 3307, subdivision "*q*" says that cities may provide, "For the enforcement of all such local, police, sanitary and other regulations as are not in conflict with the general laws." A law requiring business places to be closed on Sunday has been held to be a sanitary measure.

In *People* v. *Bellet,* 99 Mich. 151 (22 L. R. A. 696, 41 Am. St. Rep. 589), this court said:

"The better reason for maintaining the police power to prohibit citizens from engaging in secular pursuits on Sunday is the necessity for such regulation as a sanitary measure."

In the provisions of the home rule act, to which we have referred, the State has authorized the city of Lansing to prohibit by ordinance the keeping open on Sunday of business places within its boundaries.

The next question that naturally follows is, Does the charter authorize the council to pass such an ordinance?

The charter of the city of Lansing, chap. 4, § 59, subdivision 38, provides:

"The city shall have power to pass ordinances and make rules and regulations consistent with the laws and Constitution of this State and not inconsistent with the several provisions of this charter as may be deemed necessary for the safety and good government of the city and the general welfare of its inhabitants."

As we have pointed out, an ordinance or law prohibiting the keeping open of business places on Sunday is a sanitary regulation. And it requires no argument to demonstrate the fact that a sanitary regulation for the city of Lansing is for "the general welfare of its

inhabitants." We think that this ordinance is authorized both by the State and by the charter, and that it is not in conflict with the general laws of the State. It is therefore not invalid for want of authority to pass it.

Is it class legislation? It is contended by counsel for the defendant that this ordinance is class legislation because it does not operate on all citizens who keep their places of business open on Sunday; that in permitting drug stores, tobacco shops and other places to remain open on Sunday, while forbidding the same right to the defendant, it denies to him his constitutional right to the equal protection of the laws. We do not think the ordinance is open to this objection. It was made to operate alike on all members of a particular class who kept their places of business open on Sunday. Why it was not made to apply to other classes in like manner offending we have no means of knowing. In the absence of clear evidence to the contrary, we should assume that the city council acted upon facts within its possession, which justified the classification as reasonable and proper. In *People* v. *Bellet, supra,* this court had under consideration whether an act which applied only to barbers was class legislation. The same objection was made in that case as is here urged in behalf of the defendant. The court there held it was not class legislation. We think the opinion of Justice MONTGOMERY in the *Bellet Case* is a complete answer to the arguments of counsel in this case.

It is further claimed by the defendant that this ordinance is void for uncertainty, "in that it is indefinite and does not define grocery stores, meat markets, groceries or meats and leaves the defendant and others similarly situated to define these terms at their peril." It is the rule as pointed out by counsel that

"An ordinance of a regulatory nature must be clear, certain and definite, so that the average man may with due care after reading the same, understand whether he will incur a penalty for his actions or not. Otherwise it is void for uncertainty." 19 R. C. L. p. 810.

We do not think the ordinance is open to this objection. It would not be practical to recite in detail every commodity that goes to make up a grocery stock. The man of average intelligence engaged in the business knows what the term groceries includes. It has a well defined meaning in the community, and is understood by all who are affected by the ordinance. Any attempt at a more specific definition would lead to trouble and make the law in many respects unworkable. We think it is sufficiently definite.

In their very exhaustive and instructive brief counsel for the defendant have made the most of every apparent objection to this ordinance. We have not deemed it necessary to discuss the various questions argued in their brief, but we have considered them all with care, and are unable to agree with counsel's contention that the ordinance in question is unauthorized and unconstitutional.

The judgment of conviction is affirmed.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.