PEOPLE *v.* KROTKIEWICZ.

1. MUNICIPAL CORPORATIONS—ORDINANCES—GROCERY STORES—SUN-DAY.

Under the home rule act and its charter a city may enact an ordinance requiring grocery stores and meat markets to be closed on Sunday; it being a sanitary measure not in conflict with the general laws of the State (1 Comp. Laws 1929, § 2239; Hamtramck Charter, chap. 8, § 3).

2. SAME—CONSTITUTIONAL LAW—CLASS LEGISLATION.

An ordinance of a home rule city which requires that grocery stores and meat markets be closed on Sunday is not objectionable under the Constitution as class legislation because other places of business were not included, since, in the absence of evidence to the contrary, it must be assumed that the city council acted upon facts within its possession which justified the classification as reasonable and proper.

3. SAME—REGULATION OF TRADES AND OCCUPATIONS—CLASSIFICATION.

A municipal corporation, in the regulation of trades and occupations, has the power to classify them, provided the classification is not unreasonable and the extent to which the power will be exercised is usually for the governing body of the municipality.

4. SAME—HOME RULE CITY—ORDINANCES—CLASS LEGISLATION.

Home rule city ordinance prohibiting the sale on Sunday of certain commodities such as groceries and meats does not constitute class legislation where it applies with equal force to all situated in a like business.

Appeal from Wayne; Chenot (James E.), J. Submitted October 13, 1938. (Docket No. 81, Calendar No. 39,905.) Decided December 21, 1938. Rehearing denied February 1, 1939.

Edmund B. Krotkiewicz was convicted of violation of an ordinance of city of Hamtramck prohibiting conducting of business of buying, delivering, or distributing meat, meatfood products or groceries on Sunday. Affirmed.

*Con. S. Gryczka,* for appellant.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, *William Cohen* and *Leo J. Mondziel,* for people.

McALLISTER, J. Defendant was convicted in justice court in the city of Hamtramck on the charge of selling groceries and meats on Sunday in violation of an ordinance. On appeal to the circuit court, the conviction was affirmed. The only question before us on appeal is whether such ordinance is constitutional.

The ordinance provides:

"SECTION 1. No person, firm or corporation shall conduct or engage in the business of buying, delivering or distributing meat, meatfood products or groceries in the city of Hamtramck, on the first day of each week, commonly called Sunday, Provided, that the provisions of this section shall not be applicable to any person who conscientiously believes that the seventh day of the week, from sunset Friday to sunset Saturday, should be observed as the Sabbath, and actually refrains from conducting or engaging in selling, buying, delivering or distributing meat, meatfood products or groceries, or performing other secular business on that day.

"SEC. 2. Any person, firm or corporation violating any of the provisions of this ordinance, shall, upon conviction, be punished by a fine not to exceed $500 or imprisonment in the Detroit House of Correction or such other place of confinement as may

hereinafter be selected by the council of the city of Hamtramck, for a period not to exceed 90 days, or both such fine and imprisonment in the discretion of the court.''

The home rule act (1 Comp. Laws 1929, § 2239, subd. 4 [Stat. Ann. § 5.2082]), under which the city of Hamtramck operates, provides that a city may provide ''for the regulation of trades, occupations and amusements within its boundaries, not inconsistent with State and Federal laws, and for the prohibition of such trades, occupations and amusements as are detrimental to the health, morals or welfare of its inhabitants.''

Chapter 8, § 3, of the charter of the city of Hamtramck, provides: ''The council shall further have authority to enact all ordinances and to make all regulations consistent with this charter and the laws and Constitution of this State as they may deem necessary for the safety, order and good government of the city and the general welfare of the inhabitants thereof.''

In *People* v. *DeRose*, 230 Mich. 180, wherein the provisions of the home rule act and the charter provisions of the city of Lansing were similar to those here involved and where the city had passed an ordinance prohibiting the sale of groceries or meats or the keeping open of any store where such provisions were sold on Sunday, it was held that the ordinance was a proper sanitary measure and not in conflict with the general laws of the State.

In answer to the contention that such ordinance constituted class legislation, as is here contended by defendant, it was said in *People* v. *DeRose, supra:*

''It was made to operate alike on all members of a particular class who kept their places of business

open on Sunday. Why it was not made to apply to other classes in like manner offending we have no means of knowing. In the absence of clear evidence to the contrary, we should assume that the city council acted upon facts within its possession, which justified the classification as reasonable and proper.''

Defendant contends that the ordinance cannot legitimately permit the sale of one or more articles and prohibit the sale of others, and that either the sale of all commodities must be prohibited or the sale of all commodities must be permitted. It is claimed that the ordinance cannot enumerate or discriminate as to what articles may or may not be sold on Sunday.

A similar question confronted the court in the case of *State* v. *Davis,* 171 N. C. 809 (89 S. E. 40, Ann. Cas. 1918 E, 1168), in which it was contended that an ordinance forbidding drug stores to sell any merchandise except drugs on Sunday, was invalid. In passing upon this contention, the supreme court of North Carolina said:

''A municipal corporation has the power to classify the different occupations, provided the classification is not unreasonable and oppressive, and * * * usually the extent to which the power will be exercised is for the * * * governing body of the municipality.''

An ordinance which prohibits keeping open stores and other places of business for the purpose of buying or selling commodities, and excepting from the provisions thereof drug stores for the purpose of selling drugs and medicines, and permitting drug stores to sell soft drinks and tobacco for a limited time in the morning and afternoon as a convenience to the public is not an unreasonable exercise of the

police power. *State* v. *Medlin,* 170 N. C. 682 (86 S. E. 597).

The fact that the ordinance prohibits the sale of certain commodities does not constitute class legislation if it applies with equal force to all situated in a like business. We must assume that the city council acted upon facts within its possession which justified the classification as reasonable and proper. Such classification as made by the ordinance in the case before us can be justified in the same manner as the prohibition of sales on Sunday of all commodities in a store, as in *People* v. *DeRose, supra.* The sale of such commodities as groceries and meats obviously engages the employment of a large number of people. The ordinance in question does not deny rights to one which are accorded to others, nor does it inflict upon one individual a more severe penalty than is imposed upon another offending in a like case.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.