## *In re* BERMAN.

1. CERTIORARI—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE.
    The circuit court acted within the proper limits of its discretion
    in considering the testimony sufficient to sustain conviction by
    recorder's court, traffic and ordinance division, of petitioner
    for certiorari, where he had asked the circuit court to de-
    termine that there was no substantial evidence to support his
    conviction of violation of ordinance relative to the closing on
    Sunday of places for sale of furniture (Detroit Ordinance No
    781–E).

2. MUNICIPAL COPRORATIONS—ORDINANCES—SUNDAY—POLICE POWER.
    The enactment of an ordinance by a home-rule city requiring that
    furniture stores not conduct business on the Sabbath is a
    valid exercise of the police power, rest being essential to
    public health (Detroit Ordinance No 781–E).

3. SAME—SUNDAY.
    Home-rule cities are authorized to require business places to be
    closed on Sunday, it being a sanitary measure not in conflict
    with the general laws of the State (CL 1948, § 117.1 *et seq.*).

4. SUNDAY—POLICE POWER—HEALTH.
    The exercise of police power by prohibition of secular pursuits
    on Sunday is justified as a sanitary measure, as experience
    has demonstrated that one day's rest is requisite for the
    health of most individuals whether or not they have the power
    to observe a day of rest of their own volition.

5. SAME—EVIDENCE OF VIOLATION OF ORDINANCE.
    The owner of 3 stores was properly found guilty of engaging
    in the furniture business on both Saturday and Sunday, where

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur, Certiorari § 19.
[2, 4] 50 Am Jur, Sundays and Holidays § 9.
[2–4] 50 Am Jur, Sundays and Holidays § 21.
[5] 50 Am Jur, Sundays and Holidays §§ 32, 33.

it appears he kept 2 stores closed on Sunday that were open
on Saturday and operated 1 store on Sunday that was
closed on Saturday, hence, conviction under home-rule city
ordinance relative to observance of Sabbath by business places,
was justified (Detroit Ordinance No 781–E).

Appeal from Wayne; Toms (Robert M.) J. Sub-
mitted October 14, 1955. (Docket No. 67, Calendar
No. 46,428.) Decided March 1, 1956.

Ben Berman, convicted in Recorder's Court of the
City of Detroit of violating ordinance in respect to
doing business on Sunday, petitioned circuit court
for certiorari. Writ dismissed. Petitioner appeals..
Affirmed.

*Weiswasser, Jaffe & Radner,* for petitioner.

*Paul T. Dwyer,* Corporation Counsel, *Nathaniel H..
Goldstick, Arthur Barkley* and *Lawrence Eaton,.
*Assistants Corporation Counsel, for City of Detroit.

REID, J. The petitioner, Ben Berman, was convict-
ed on a trial before Honorable John D. Watts, judge
of recorder's court of the city of Detroit, traffic and
ordinance division, of a violation of an ordinance of'
the city of Detroit captioned, "Sunday closing—fur-
niture & appliance stores."

Mr. Berman, defendant in that proceeding, filed a
petition for writ of certiorari with the circuit court
for Wayne county, to review his conviction. In his.
return Judge Watts certified:

"1. That on the 8th day of June, 1954, Billie Mathi-
son did appear before this court and did sign and
acknowledge a complaint against one Ben Berman,
setting forth that the said Ben Berman, on Sunday,.
June 6, 1954, at 7001 Fenkell avenue, Detroit, Michi-
gan, did violate the provisions of ordinance No 781–
E of the city of Detroit by keeping open his store,.

known as the Union Furniture Company, and offering for sale on Sunday furniture, radios, television sets, and household appliances, and did engage in the business, on said day, of selling the foregoing, and that upon the filing of the said sworn complaint, a summons issued out of this court, ordering the defendant, Ben Berman, to appear in said court on June 9, 1954, to answer said charge. That a copy of the ordinance is hereto attached and marked, exhibit 'A', and a copy of the complaint is hereto attached and marked, exhibit 'B'.

"2. That on June 9, 1954, the said Ben Berman appeared before this respondent and was arraigned on the said charge and did plead not guilty, whereupon testimony was taken in the said court. That the people were represented by Nathaniel H. Goldstick and Lawrence E. Eaton, assistants corporation counsel, and that the petitioner was represented by Aaron Weiswasser as his attorney.

"3. That the people, to maintain the issue upon their part, produced Billie Mathison, who being duly sworn, testified as follows:

"That he is and was a police officer and a member of the Detroit police department. That on Sunday, June 6, 1954, he visited the premises of the petitioner, known as the Union Furniture Store at 7001 Fenkell avenue in the city of Detroit and that the petitioner, Ben Berman, was in the store and in charge thereof; that the store was open for business and was in operation at that time. It was stipulated between counsel that the petitioner was also the owner and operator of 2 other furniture stores; namely, 22261 Fenkell avenue and 13920 Michigan avenue, Dearborn, Michigan, and that said stores are open for business and do conduct business on Saturdays and are closed on Sundays, and that it would not be necessary to provide proof to this effect.

"4. The petitioner was a witness in his own behalf. He testified that the Union Furniture Company was a corporation; that he was the sole owner of the stores of the corporation; that the corporation

owned and operated 3 furniture stores located as follows: 7001 Fenkell avenue, 22261 Fenkell avenue, and 13920 Michigan avenue, Dearborn, Michigan. He testified that he was a conscientious believer in the Sabbath and that he observed the same and that he operated the store at 7001 Fenkell avenue and kept the said store closed on Saturday, the seventh day of the week, and open for business and did engage in business on Sunday, the first day of the week. He further testified that he kept 1 bank account and 1 set of books for all 3 stores and that the profits, if any, for all 3 stores were kept in 1 common account. He also testified that the 2 stores which were open on Saturday and closed on Sunday were operated by persons who were not conscientious believers in Saturday as the Sabbath.

"5. The sole question involved in this case was whether the petitioner, as the sole owner of the stores of the corporation and owner of 1 store that was closed on Saturday and open on Sunday and 2 stores that were open on Saturday and closed on Sunday, could claim as a defense that he was a conscientious believer and as such, authorized to keep his store at 7001 Fenkell avenue open on Sunday for business."

It further appears from the return of Judge Watts that on July 7, 1954, the defendant Ben Berman was found guilty and on August 4, 1954, to which day the cause was adjourned at the request of counsel, defendant Ben Berman was sentenced to pay a fine of $50 and a stay of sentence was granted to August 25, 1954.

The ordinance in question provides:

"Sec. 1. It shall be unlawful for any person, firm or corporation or anyone acting in behalf of any person, firm or corporation whether owner, proprietor, agent or employees, in the city of Detroit, to conduct or engage in the business of selling, renting, leasing or exchanging furniture, including but not limited to

televisions and radios, and/or household appliances, or to keep open any store, office or other place for the purpose of selling, renting, leasing or exchanging thereof, on the first day of the week commonly called Sunday: Provided, That the foregoing provisions shall not apply to works of necessity and charity, and provided further, That the provisions contained herein shall not be applicable to any persons who conscientiously believes that the seventh day of the week should be observed as the Sabbath and actually refrains from such secular business and/or labor on that day.

"Sec. 2. Any person, firm or corporation or anyone acting in behalf of any person, firm or corporation violating any of the provisions of this ordinance shall upon conviction thereof be subject to a fine of not more than $500 or to imprisonment in the Detroit house of correction for a period of not more than 90 days, or both such fine and imprisonment in the discretion of the court."

The circuit judge on the hearing of Berman's petition for writ of certiorari to review his conviction among other things found the question to be, "Whether or not this defendant, as a matter of fact, entertained a conscientious belief that Saturday should be observed as the Sabbath, and acted upon that conscientious belief."

In his petition for writ of certiorari, petitioner Berman alleged, "The testimony before the trial court affirmatively establishes that there was no substantial evidence to support the conviction and sentence by the trial court." Notwithstanding this allegation in his petition, petitioner Berman claims that the circuit court had authority to consider only questions of law, not of fact. We find that the petition for the writ of certiorari alleged that Berman was erroneously convicted and prayed for relief from conviction and sentence and that petitioner

opened the question of the sufficiency of the testimony taken in recorder's court to sustain the conviction.

Petitioner Berman avers in this Court a want of testimony to prove the charge, particularly stressing his allegation that there is no showing that he was not a conscientious believer within the meaning of the ordinance.

The circuit court was acting within the proper limits of its discretion in considering the testimony sufficent to sustain the conviction. The petitioner in effect asked the circuit court to determine that question.

In *People* v. *Bellet,* 99 Mich 151 (22 LRA 696, 41 Am St Rep 589), we say at p 156:

"Experience has demonstrated that one day's rest is requisite for the health of most individuals, and not all individuals possess the power to observe a day of rest of their own volition."

Historically, the Sabbath day has been known for over 3,000 years as a day of rest; hence, petitioner Berman is incorrect in his contention that it is beyond the police power of the city to enact the ordinance in question for the reason that it does not affect the public health. Rest is essential to public health. The enactment of the ordinance in question is a valid exercise of the police power.

Under the home-rule act, cities are authorized to require business places to be closed on Sunday, it being a sanitary measure not in conflict with the general laws of the State. *People* v. *DeRose,* 230 Mich 180. See, also, *People* v. *Krotkiewicz,* 286 Mich 644. Also, *Irishman's Lot, Inc.,* v. *Secretary of State,* 338 Mich 662 (syllabus 5):

"The exercise of police power by prohibition of secular pursuits on Sunday is justified as a sanitary measure as experience has demonstrated that

one day's rest is requisite for the health of most individuals whether or not they have the power to observe a day of rest of their own volition."

Under the facts as summarized by Recorder's Judge Watts, it appears that petitioner Berman was the owner of 3 stores, being the sole owner of the stock of the corporation under which the 3 stores were operated. Berman testified that he conscientiously believed that the seventh day of the week should be observed as the Sabbath and that he operated the store at 7001 Fenkell avenue and kept that store closed on Saturday, but open for business on Sunday, but that he kept the other 2 stores open on Saturday; further, that he kept 1 bank account and 1 set of books for all 3 stores and that the profits, if any, of all 3 stores were kept in 1 common account.

The proviso in section 1 of the ordinance under which Berman was convicted contained the following:

"That the provisions contained herein shall not be applicable to any persons who conscientiously believes that the seventh day of the week should be observed as the Sabbath and actually refrains from such secular business and/or labor on that day."

We cannot assume that the city in enacting this ordinance intended that the conscientious believer was to be at liberty to engage in the furniture store business on both Saturday and Sunday. It is clear that petitioner Berman engaged in furniture store business on both Saturday and Sunday. He must be held to have violated the ordinance. His conviction is sustained. The circuit court on the hearing on the writ of certiorari ordered that the writ of certiorari be dismissed and the sentence of the recorder's court, traffic and ordinance division, affirmed. The circuit court held that the ordinance under consideration is a valid exercise of the police

power of the city and dismissed the writ of certiorari.

The orders of the circuit court appealed from are affirmed. The case is remanded to the circuit court with instruction to remand the case to the recorder's court, traffic and ordinance division, for further action.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, and CARR, JJ., concurred.

BUTZEL, J., did not sit.

BLACK, J., took no part in the decision of this case.