WATNICK *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—ORDINANCES—PRESUMPTIONS—CONSTITUTIONAL LAW.

   A municipal ordinance is presumed to be constitutional unless the contrary clearly appears.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  37 Am Jur, Municipal Corporations § 177.
[3]  37 Am Jur, Municipal Corporations § 158.
[4]  50 Am Jur, Sundays and Holidays § 11.
   Constitutionality of Sunday law discrimination between businesses. 119 ALR 752.
[5]  37 Am Jur, Municipal Corporations § 180.
[6]  50 Am Jur, Sundays and Holidays § 8.
[7]  37 Am Jur, Municipal Corporations § 276 *et seq.*
[8]  14 Am Jur, Costs § 36.

2. SAME—ORDINANCES—CLASSIFICATION.

There is a presumption of the existence of any state of facts that can reasonably be conceived that would sustain a classification made in an ordinance that is adopted by the legislative body of a municipality, so that one who assails the classification has the burden of showing by a resort to common knowledge, judicial notice, or other legitimate proof, that the action is arbitrary.

3. SAME—HOME-RULE CITIES—ORDINANCES—CLASSIFICATION.

A home-rule city's legislative body is vested with authority to make a classification in its ordinances that is not unreasonable in character.

4. SAME—ORDINANCE—SUNDAY—JEWELRY.

A home-rule city ordinance proscribing the sale of jewelry on Sunday and the keeping open of a place of business for such purpose on that day *held,* not to constitute bad class legislation under record presented, where it applies with equal force to all situated in the business, it being assumed that the city's common council had sufficient reasons to make such proscription, possibly including provision of police protection (Detroit Ordinance No 219-F).

5. SAME—COMMON COUNCIL—DISCRETION—COURTS—CONSTITUTIONAL LAW.

A municipal common council, as a legislative body, is vested with a large measure of discretion to determine what regulations are necessary to protect the public good and welfare and courts will not interfere except to protect constitutional rights.

6. SAME—ORDINANCES—STATUTES—SUNDAYS—JEWELRY BUSINESS.

Home-rule city's ordinance proscribing Sunday sales of jewelry and the keeping open of places of business for such purpose is not repugnant to State statute which forbade, in general language, the carrying on of labor and business on Sunday other than works of charity and necessity, as the jewelry business is not within either exception and there is no State statute specifically regulating the jewelry business insofar as Sunday closing is concerned, but is rather in accord with State law (CL 1948, § 435.1 *et seq.*; Detroit Ordinance No 219-F).

7. SAME—HOME-RULE CITIES—POLICE POWER—ORDINANCES—PENALTIES.

Each home-rule city is invested with police power to adopt measures in the interest of public welfare and for the benefit of the public generally and may impose a penalty for the violation of such ordinances (CL 1948, §§ 117.4i, 117.4j).

8. COSTS—PUBLIC QUESTION—SUNDAY—JEWELRY BUSINESS.

No costs are allowed in suit to enjoin enforcement of home-rule city's ordinance proscribing operation of jewelry business on Sunday, a public question being involved (Detroit Ordinance No 219-F).

SOURIS and OTIS M. SMITH, JJ., dissenting.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted October 26, 1961. (Docket No. 105, Calendar No. 48,583.) Decided March 16, 1962.

Bill by Morris Watnick, Nathan Wigod, and Harry Walkon, copartners doing business as LaSalle Distributing Company, against the City of Detroit, a municipal corporation, to declare Sunday closing ordinance unconstitutional and to enjoin enforcement. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Seymour I. Caplan* and *George Stone,* for plaintiffs.

*Nathaniel H. Goldstick,* Corporation Counsel, and *Robert D. McClear,* Assistant Corporation Counsel, for defendant.

CARR, J. This case involves the validity of an ordinance of the city of Detroit adopted in July, 1957, and designated Ordinance No 219-F, chapter 455 of the ordinances of said city. The purpose of said ordinance was to proscribe the selling of jewelry on Sunday and the keeping open of places of business for such purpose. It declared that it would be unlawful for anyone to violate the provisions thereof excepting, however, persons conscientiously believing that the seventh day of the week should be observed as the Sabbath, and who actually refrain from secular business and labor on that day. For a violation of the measure as adopted a penalty by

way of a fine of not more than $500 or imprisonment in the Detroit house of correction for not more than 90 days, or both such fine and imprisonment, was specified.

Plaintiffs herein, carrying on business as copartners under the name of LaSalle Distributing Company, brought this suit in the circuit court of Wayne county to enjoin enforcement of the ordinance, asserting as grounds of the alleged invalidity thereof that it was unreasonable and discriminatory against dealers in and sellers of jewelry, that it denied to them the equal protection of the law, and that it was in conflict with the statute of the State (CL 1948, § 435.1 [Stat Ann § 18.851]) forbidding the keeping open of shops, warehouses, and workhouses, and the carrying on of any labor, business, or work, or the taking part in certain sports, games, and diversions, on the first day of the week. From the general prohibition set forth in the State statute an exception is stated applicable to works of necessity and charity.

Motion to dismiss was filed on behalf of defendant city, it being asserted therein that the ordinance assailed by plaintiffs was a valid and proper exercise of the police power of the city acting through its common council. Pursuant to stipulation of the parties a list of Sunday closing ordinances of Detroit, containing exceptions applicable to works of necessity, and to persons conscientiously believing that the Sabbath should be observed on the seventh day of the week, was introduced in evidence for the expressed purpose of showing which businesses within the city were prohibited by ordinances at the time of the institution of the present suit. Said list comprised ordinances declaring it to be unlawful to engage in the conduct of the business of selling furs or fur products on Sunday, carrying on the business of selling jewelry or keeping open a place

of business therefor (the ordinance in question here), the carrying on of a used auto parts business and dealing in second-hand auto parts or salvaged automobiles and the buying and selling of second-hand auto parts in the city of Detroit, the buying, selling or exchanging second-hand motor vehicles, the buying, selling, renting, leasing, or exchanging of real estate or of interests therein, and the selling, renting, leasing or exchanging furniture, including television, radios, and household appliances. The trial judge before whom the motion to dismiss was heard disposed thereof by reference to the decision of this Court in *People's Appliance, Inc.,* v. *City of Flint,* 358 Mich 34, and an order was entered dismissing the bill of complaint. From such order plaintiffs have appealed.

In defining the powers of the common council of the city the Detroit charter in section 12, chapter 1, title 3, specifically grants authority as follows:

"(d) To enact ordinances to carry into effect the powers conferred and the duties imposed upon the city by the Constitution and laws of the State, to make operative the provisions of this charter, and to promote the general peace, health, safety, welfare and good government of the city; and to provide for the enforcement of such ordinances and the punishment of violations thereof, but no such punishment shall exceed a fine of $500 or imprisonment for 90 days or both such fine and imprisonment, in the discretion of the court; * * *

"(n) To provide for the regulation of trades, occupations and amusements and to provide for the prohibition of such trades, occupations and amusements as are detrimental to the health, morals or welfare of its inhabitants, and for the regulation and restriction of the territory within which intoxicating liquors are sold or manufactured, if not prohibited by law: Provided, that the council shall by ordinance provide for the regulating, licensing and

bonding of private detectives and private detective agencies."

The State Constitution (1908) directs the legislature to adopt general laws for the incorporation of cities and villages, limiting the rate of taxation for municipal purposes and restricting the powers of borrowing money and contracting debts. It is further provided (article 8, § 21, as amended) that:

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter, and to amend an existing charter of the city or village heretofore granted or passed by the legislature for the government of the city or village and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State."

The home-rule act for cities,* in section 4i (CL 1948, § 117.4i, as amended by PA 1957, No 131 [Stat Ann 1959 Cum Supp § 5.2082]), authorizes a city adopting a charter thereunder to provide for the enforcement of all such "local, police, sanitary and other regulations as are not in conflict with the general laws", and to provide for the punishment of violations of ordinances by fine not exceeding $500 or imprisonment for 90 days, or both. Said section also grants specific authority for the regulation of trades and occupations within the boundaries of the city not inconsistent with State and Federal laws. The following section further grants authority:

"For the exercise of all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be expressly enumerated or

---

* PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.*, as amended [Stat Ann 1949 Rev and Stat Ann 1959 Cum Supp § 5.2071 *et seq.*]).

not; for any act to advance the interests of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concerns subject to the Constitution and general laws of this State." CL 1948, § 117.4j (Stat Ann 1949 Rev § 5.2083).

Appellants' claim that the ordinance in question here is invalid because discriminatory is based on the failure of the common council to prohibit also the carrying on of other businesses within the city. It is argued in substance that, because the sale of jewelry on Sunday is prohibited while other types of stores are permitted to operate, there is a violation of the guaranties set forth in the State and Federal Constitutions relating to due process of law and the equal protection of the laws.[*] It is suggested that prior decisions of this Court rejecting the argument here advanced should be overruled.

In considering the validity of the ordinance now before us due regard must be given to the presumption of constitutionality thereof. The rule in this respect applicable to statutes passed by the legislature applies with equal force to municipal ordinances. *Goldstein* v. *City of Hamtramck,* 227 Mich 263, 267. In *Cady* v. *City of Detroit,* 289 Mich 499, there was involved the validity of an ordinance pertaining to the maintenance and operation of so-called trailer camps. In considering such issue it was said (p 505):

"A statute will be presumed to be constitutional by the courts unless the contrary clearly appears; and in case of doubt every possible presumption not clearly inconsistent with the language and the subject matter is to be made in favor of the constitutionality of legislation. *Scott* v. *Smart's Executors,*

[*] US Const, Am 14; Mich Const 1908, art 2, §§ 1, 16.—Reporter.

1 Mich 295; *Sears* v. *Cottrell,* 5 Mich 251; *Thompson* v. *Auditor General,* 261 Mich 624. Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity. A statute is presumed to be constitutional and it will not be declared unconstitutional unless clearly so, or so beyond a reasonable doubt. *Attorney General, ex rel. Barbour,* v. *Lindsay,* 178 Mich 524; *Bowerman* v. *Sheehan,* 242 Mich 95 (61 ALR 859)."

The above decision was cited with approval in *People* v. *Sell,* 310 Mich 305, in which this Court sustained the validity of an ordinance of the city of Detroit declaring it to be unlawful for any person to sell within said city a commodity at a price exceeding the ceiling fixed by the regulations of the Federal government. Referring to pertinent provisions of the State Constitution and of the home-rule act, the validity of the ordinance was sustained as against the objection that the common council of the city had exceeded its authority.

Among other prior decisions of this Court involving the contention advanced by appellants in the instant case is *People* v. *Litvin,* 312 Mich 57. At issue there was the validity of an ordinance of the city of Detroit forbidding the selling of goods, wares, merchandise, or services, or permitting such acts, on any parking lot within the city. The ordinance was not applicable to used car lots, and the defendant in the case advanced the claim that it was unreasonable and invalid because of the classification therein made, and that as applied to the business proscribed it was unreasonable. This Court rejected the claim, concluding that the action of the common council was in the interests of the public welfare

and that there was no invalid classification of occupations. In reaching such result the Court quoted (pp 65, 66) with approval the following language of the United States supreme court in *Borden's Farm Products Co., Inc.,* v. *Baldwin,* 293 US 194, 209 (55 S Ct 187, 79 L ed 281):

" 'When the classification made by the legislature' is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 US 61 (31 S Ct 337, 55 L ed 369, Ann Cas 1912C, 160); *Ohio, ex rel. Clarke,* v. *Deckebach,* 274 US 392, 397 (47 S Ct 630, 71 L ed 1115); *Lawrence* v. *State Tax Commission of Mississippi,* 286 US 276, 283 (52 S Ct 556, 76 L ed 1102, 87 ALR 374).' "

In the adoption of an ordinance of the character here involved the legislative body was vested with authority to make a classification not unreasonable in character. Apparently it was determined the business of selling jewelry was subject to different considerations than were businesses involving commodities of unlike nature. The record before us contains no showing that such is not the actual situation. The council may well have considered the matter of adequate police protection for plaintiffs' operations.

There is nothing before us to suggest, or to justify, a conclusion that the purchase of jewelry on Sunday is conducive to the general welfare or the public benefit. Articles of jewelry may not be regarded as necessities. There is no discrimination under ordinance 219-F as between persons or corporations engaged in the jewelry business. All are treated

alike. We are not dealing here, in other words, with legislative action differentiating as between members of a class. What was said in *People* v. *Krotkiewicz,* 286 Mich 644, 648, is applicable here. It was there said:

"The fact that the ordinance prohibits the sale of certain commodities does not constitute class legislation if it applies with equal force to all situated in a like business. We must assume that the city council acted upon facts within its possession which justified the classification as reasonable and proper. Such classification as made by the ordinance in the case before us can be justified in the same manner as the prohibition of sales on Sunday of all commodities in a store, as in *People* v. *DeRose,* 230 Mich 180. The sale of such commodities as groceries and meats obviously engages the employment of a large number of people. The ordinance in question does not deny rights to one which are accorded to others, nor does it inflict upon one individual a more severe penalty than is imposed upon another offending in a like case."

A like conclusion was reached in the prior decision of *People* v. *DeRose,* 230 Mich 180, which involved an ordinance of the city of Lansing prohibiting the sale of groceries or meats, and the keeping open of any store therefor, on Sunday.

The question at issue here has been repeatedly discussed in prior decisions of this Court in which ordinances analogous in principle to 219-F have been sustained. It must be assumed that the common council of the city of Detroit, familiar with local conditions, had sufficient reasons to proscribe the carrying on of the jewelry business on Sunday. As indicated, the record here does not support a contrary conclusion.

As pointed out by Chief Justice Vanderbilt in *Gundaker Central Motors, Inc.,* v. *Gassert,* 23 NJ 71,

81 (127 A2d 566), a legislative body is vested with a large measure of discretion to determine what regulations "are necessary to protect the public good and welfare", and that there should be no interference by the courts other than in the protection of constitutional rights. The following excerpt from the opinion (pp 81, 82) is of interest in our present inquiry:

"Consequently, it is the duty of this court to uphold legislation unless there is no room for doubt as to its violation of constitutional provisions, *Reingold* v. *Harper* (1951), 6 NJ 182, 194 (78 A2d 54); *Schmidt* v. *Board of Adjustment of City of Newark* (1952), 9 NJ 405, 416 (88 A2d 607); *Russo* v. *Governor of State of New Jersey* (1956), 22 NJ 156, 170 (123 A2d 482).

"The statutes in question here apply to all automobile dealers within the State, without distinction as to class, type, location or otherwise. All are required to close. Fundamentally then, they satisfy the initial inquiry as to equal protection. No economic advantage can be gained by any one within this State by reason of the Sunday regulation because no persons other than those covered by the enactments can engage in the business of selling motor vehicles, * * * [NJ Stat Ann] 39:1019. Thus, all motor vehicle dealers are protected in their businesses and no substantial loss of revenues can result where the product they deal in is unobtainable elsewhere within the State. The cars that would be sold on Sunday will now be sold on the other days in the week and probably to the same prospective purchasers.

"The fact that the sale of motor vehicles is singled out for legislative treatment is no ground for complaint if there is any reasonable basis for such action, *Washington National Insurance Co.* v. *Board of Review, Unemployment Compensation Commission* (1949), 1 NJ 545 (64 A2d 443); *Jamouneau* v. *Harner* (1954), 16 NJ 500 (109 A2d 640), certiorari denied

(1955), 349 US 904 (75 S Ct 580, 99 L ed 1241) ; *Guill* v. *Mayor and Council of City of Hoboken* (1956), 21 NJ 574, 583 (122 A2d 881).   And there is reasonable basis if the buying and selling of motor vehicles on Sunday has effects inimical to the public good and welfare.   Under the police power 'the State may protect its citizens from physical and moral debasement which comes from uninterrupted labor'; see *State* v. *Fair Lawn Service Center, Inc.* (1956), 20 NJ 468, 474, 483 (120 A2d 233)."

We conclude Ordinance No 219-F, as enacted by the common council of the city of Detroit, is not invalid for the reason that it is limited in its application to those engaged in the sale of jewelry; neither is it open to objection on the theory that it is repugnant to the statute of the State, above cited, forbidding in general language the carrying on of labor and business on Sunday other than works of charity and necessity.   No claim is made that the jewelry busines falls in either category excepted from the general prohibition, nor has the legislature of the State enacted a statute specifically regulating said business insofar as the question here involved is concerned.

*Richards* v. *City of Pontiac*, 305 Mich 666, and *Grand Haven* v. *Grocer's Cooperative Dairy Company*, 330 Mich 694, are clearly distinguishable on the basis of the facts.   Each involved an ordinance at variance with a State statute relating in specific terms to the conduct of the business to which the ordinance applied.   Ordinance No 219-F is lacking in repugnancy to the statutory provision that appellants invoke.   On the contrary, it is in accord with the general policy of the State law in that it proscribes the carrying on of business operations that the State statute forbids to be conducted on Sunday. The fact that the legislature has not seen fit to declare a violation of the statute to be a criminal

offense does not alter the situation. The constitutional and statutory provisions above cited with reference to the power of cities of the State under home-rule charters are not open to question as to their purpose. Each such city is invested with police powers to adopt measures in the interest of the public welfare and for the benefit of the municipality and its inhabitants generally. The penalty that may be imposed on conviction of a violation of Ordinance No 219-F is specifically authorized by action of the legislature, above cited.

As held in *Yerkes* v. *Smith,* 157 Mich 557, and *People* v. *Dixon,* 188 Mich 307 (Ann Cas 1918B, 385), a violation of the State statute is not a misdemeanor, and in consequence a criminal prosecution will not lie therefor. Under the provisions of the home-rule act for cities a municipality acting in accordance with the provisions of its charter adopted pursuant to such law may regulate the carrying on of businesses. Assuming that the State statute in question was designed to declare a general rule of policy, and should be so interpreted, ordinances of the character here in question, not concerned with works of charity or necessity, may not be said to be in conflict therewith. Rather, they are designed, in specific instances, and in the interest of the public welfare, to carry out such a policy. We cannot agree with the contention of counsel for appellants that "the State statute has pre-empted the field." The provisions of our present Constitution and of the city home-rule act adopted pursuant thereto, above cited, negative such claim.

The trial court was not in error in dismissing the bill of complaint, and the order from which the appeal has been taken is affirmed. Questions of public interest being involved, no costs are allowed.

DETHMERS, C. J., and KELLY, BLACK, and KAVANAGH, JJ., concurred with CARR, J.

SOURIS, J. (*dissenting*). I would reverse the decree of the court below for the same reason I voted to reverse the decree in *Marks Furs, Inc.,* v. *City of Detroit,* 365 Mich 108, a reason which some members of this Court in 1959 believed also required affirmance of the decree in *People's Appliance, Inc.,* v. *City of Flint,* 358 Mich 34, see pages 63–73: the ordinance fatally contravenes and conflicts with the State's Sunday closing statute, CL 1948, § 435.1 *et seq.* (Stat Ann 1957 Rev. § 18.851 *et seq.*).

OTIS M. SMITH, J., concurred with SOURIS, J.

ADAMS, J., took no part in the decision of this case.